**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CITY OF MARIETTA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-00552-SDG |
| | ) | |
| MALLINCKRODT ARD LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MALLINCKRODT ARD LLC'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

Page(s)

BACKGROUND ................................................................................ 3

LEGAL STANDARD ........................................................................ 5

ARGUMENT..................................................................................... 7

I.     PLAINTIFF LACKS CONSTITUTIONAL STANDING................... 8

II.    PLAINTIFF FAILS TO PLEAD UNJUST ENRICHMENT ............ 12

       A.     Georgia Law Does Not Recognize Unjust Enrichment
              As An Independent Cause of Action ....................................... 12

       B.     Plaintiff Has Not Plausibly Pled The Elements Of
              Unjust Enrichment ................................................................. 14

       C.     As An Indirect Purchaser, Plaintiff Cannot State A
              Claim For Unjust Enrichment Under Georgia Law................. 17

CONCLUSION................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                          **Page(s)**

*Alexander v. Nationstar Mortg., LLC*,
No. 1:14-CV-2511-SCJ, 2015 WL 11578457 (N.D. Ga. Jan. 29, 2015) ................................................................................................... 14

*Archer v. Holmes*,
No. 1:17-CV-2051-TWT, 2018 WL 534475 (N.D. Ga. Jan. 23, 2018), *reconsideration denied*, No. 1:17-CV-2051-TWT, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018) ....................................................... 16

*Arcure v. Kellogg Co.*,
No. 210CV192FTM36SPC, 2011 WL 13294631 (M.D. Fla. Mar. 29, 2011) ............................................................................................. 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................... 6

*In re Auto. Parts Antitrust Litig.*,
No. 12-MD-02311, 2013 WL 2456612 (E.D. Mich. June 6, 2013) .................. 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................... 7

*Brown v. Crawford Cty.*,
960 F.2d 1002 (11th Cir. 1992) ......................................................... 6

*Bryant v. Allstate Ins. Co.*,
254 Ga. 328 (1985) ........................................................................... 21

*Bryant v. Dupree*,
252 F.3d 1161 (11th Cir. 2001) ......................................................... 8

*Burrow v. Equifax Info. Servs., LLC*,
No. 118CV05134JPBLTW, 2019 WL 5417147 (N.D. Ga. Aug. 5, 2019) ................................................................................................... 6

*California v. ARC Am. Corp.*,
490 U.S. 93 (1989) ........................................................................... 19

*In re Checking Account Overdraft Litig.*,
   694 F. Supp. 2d 1302 (S.D. Fla. 2010) ............................................................... 11

*Clark v. Aaron's, Inc.*,
   914 F. Supp. 2d 1301 (N.D. Ga. 2012)......................................................... 14, 15

*In re Cohen*,
   182 B.R. 46 (Bankr. C.D. Cal. 1994), *aff'd*, 199 B.R. 709 (B.A.P.
   9th Cir. 1996)............................................................................................................ 16

*Cone Corp. v. Florida Dep't of Transp.*,
   921 F.2d 1190 (11th Cir. 1991) ........................................................................... 9

*Corioliss, Ltd. v. Corioliss USA, Inc.*,
   No. CIV.A. 108-CV-2968-T, 2009 WL 2750972 (N.D. Ga. Aug.
   25, 2009)..................................................................................................................... 9

*De Leon v. All Stars Glob. Techs., Inc.*,
   No. 4:17-CV-0184-HLM, 2017 WL 10574524 (N.D. Ga. Nov. 28,
   2017)............................................................................................................................. 14

*Debernardis v. IQ Formulations, LLC*,
   942 F.3d 1076 (11th Cir. 2019) ........................................................................ 10

*Doss v. Gen. Mills, Inc.*,
   No. 18-61924-CIV, 2019 WL 7946028 (S.D. Fla. June 14, 2019) .................. 10

*In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust
   Litig.*,
   No. CIV. 12-169, 2013 WL 5503308 (D.N.J. Oct. 2, 2013) ............................. 12

*Eike v. Allergan, Inc.*,
   850 F.3d 315 (7th Cir. 2017) ...................................................................... 1, 12

*Engram v. Engram*,
   265 Ga. 804 (1995) ............................................................................................... 20

*Fortune v. Nationstar Mortg., LLC*,
   No. 1:16-CV-1111-MHC-JKL, 2016 WL 11577292 (N.D. Ga.
   Dec. 16, 2016) ......................................................................................................... 7

iii

*Foxworthy, Inc. v. CMG Life Servs., Inc.*,
  No. 1:11-CV-2682-TWT, 2012 WL 1269127 (N.D. Ga. Apr. 16,
  2012) ..................................................................................................... 18

*Gaylord v. Ocwen Loan Servicing, LLC*,
  No. 2:12-CV-00087-WCO, 2013 WL 12291744 (N.D. Ga. Mar.
  27, 2013) ............................................................................................... 17

*In re Generic Pharm. Pricing Antitrust Litig.*,
  368 F. Supp. 3d 814 (E.D. Pa. 2019) ................................................... 20

*Helping v. Rheem Mfg. Co.*,
  No. 1:15-cv-2247-WSD, 2016 WL 1222264 (N.D. Ga. Mar. 23,
  2016) ..................................................................................................... 18

*Koziara v. City of Casselberry*,
  392 F.3d 1302 (11th Cir. 2004) ............................................................. 6

*Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*,
  763 F.3d 1280 (11th Cir. 2014) ........................................................... 18

*In re Lidoderm Antitrust Litig.*,
  103 F. Supp. 3d 1155 (N.D. Cal. 2015) ............................................... 20

*In re Loestrin 24 FE Antitrust Litig.*,
  410 F. Supp. 3d 352 (D.R.I. 2019) ...................................................... 19

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ........................................................................... 6, 9

*Mason v. Midland Funding LLC*,
  No. 1:16-CV-02867-CC-RGV, 2017 WL 6994577 (N.D. Ga. July
  27, 2017), *report and recommendation adopted as modified*, No.
  1:16-CV-2867-CC, 2017 WL 8186866 (N.D. Ga. Sept. 29, 2017) .................. 18

*Middleton v. Int'l Bus. Machs. Corp.*,
  787 F. App'x 619 (11th Cir. 2019) ...................................................... 15

*Midrash Sephardi, Inc. v. Town of Surfside*,
  366 F.3d 1214 (11th Cir. 2004) .......................................................... 8, 9

iv

*In re Niaspan Antitrust Litig.*,
  42 F. Supp. 3d 735 (E.D. Pa. 2014) ................................................................... 20

*In re Novartis & Par Antitrust Litig.*,
  No. 18 CIV. 11835, 2019 WL 3841711 (S.D.N.Y. Aug. 15, 2019) ...... 18, 19, 20

*Peterson v. Aaron's, Inc.*,
  No. 1:14-CV-1919-TWT, 2015 WL 5479877 (N.D. Ga. Sept. 16,
  2015) ....................................................................................................................... 18

*Peterson v. Atlanta Hous. Auth.*,
  998 F.2d 904 (11th Cir. 1993) ............................................................................. 7

*Prohias v. Pfizer, Inc.*,
  490 F. Supp. 2d 1228 (S.D. Fla. 2007) ............................................................. 16

*Provost v. Aptos, Inc.*,
  No. 1:17-CV-02120-ELR, 2018 WL 1465766 (N.D. Ga. Mar. 12,
  2018) ....................................................................................................................... 10

*Scott v. Mamari Corp.*,
  242 Ga. App. 455 (2000) ..................................................................................... 18

*Se. Pennsylvania Transp. Auth. v. Gilead Scis., Inc.*,
  102 F. Supp. 3d 688, 705 (E.D. Pa. 2015) ....................................................... 16

*Smith Serv. Oil Co. v. Parker*,
  250 Ga. App. 270 (2001) ......................................................................... 14, 15, 16

*In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*,
  No. CV 14-MD-02503-DJC, 2015 WL 5458570 (D. Mass. Sept.
  16, 2015) ................................................................................................................ 20

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ...................................................................................... 1, 9

*Tagliaferri v. Winter Park Hous. Auth.*,
  486 F. App'x 771 (11th Cir. 2012) ...................................................................... 7

*In re Terazosin Hydrochloride Antitrust Litig.*,
  160 F. Supp. 2d 1365 (S.D. Fla. 2001) ...................................................... 11, 19

*Tolson Firm, LLC v. Sistrunk*,
  338 Ga. App. 25 (2016) .......................................................................... 12, 13, 14

*Truthinadvertisingenforcers.com v. Dish Network, LLC*,
  No. 8:16-CV-2366-T-33JSS, 2016 WL 7230955 (M.D. Fla. Dec.
  14, 2016) .............................................................................................................. 11

*United Food & Commercial Workers Local 1776 & Participating
  Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
  74 F. Supp. 3d 1052 (N.D. Cal. 2014) ................................................................ 20

*Veal v. Citrus World, Inc.*,
  No. 2:12-CV-801-IPJ, 2013 WL 120761 (N.D. Ala. Jan. 8, 2013) .................. 10

*Wachovia Ins. Servs., Inc. v. Fallon*,
  299 Ga. App. 440 (2009) ..................................................................................... 13

*Warth v. Seldin*,
  422 U.S. 490 (1975) .............................................................................................. 9

*Washington Cty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*,
  No. CV JKB-19-1854, 2020 WL 43016 (D. Md. Jan. 3, 2020) ........................ 13

*Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Props., Inc.*,
  No. 216CV206FTM38MRM, 2017 WL 10604140 (M.D. Fla. Apr.
  11, 2017) .............................................................................................................. 11

*In re Wellbutrin XL Antitrust Litig.*,
  260 F.R.D. 143 (E.D. Pa. 2009) .......................................................................... 12

*Worthy v. City of Phenix City, Ala.*,
  930 F.3d 1206 (11th Cir. 2019) ............................................................................. 6

## Rules

Fed. R. Civ. P. 9(b) ................................................................................................. 17

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 5

Fed. R. Civ. P.  12(b)(6) .......................................................................................... 6

O.C.G.A. § 9-3-26 ................................................................................... 20

**Other Authorities**

U.S. Const. art. III, § 2............................................................................ 8

Linette Lopez, *An Illinois City Just Stepped into the War on Drug
    Pricing Against Big Pharma*, BUSINESS INSIDER (Apr. 9, 2017),
    https://www.businessinsider.com.au/rockford-sues-mallinckrodt-
    over-acthar-price-2017-4 ................................................................. 16

## **INTRODUCTION**

The crux of Plaintiff's Complaint is that, by selling Acthar® Gel ("Acthar"), a pharmaceutical therapy that treats nineteen serious health conditions, at a price higher than what Plaintiff considers to be fair, Defendant Mallinckrodt ARD LLC ("Mallinckrodt") unjustly enriched itself at Plaintiff's expense.  But Plaintiff's wish that Acthar cost less does not give rise to a claim for unjust enrichment (or any other claim for relief).  For the myriad reasons described below, the Complaint—which Plaintiff purports to bring on behalf of a class—is deficient as a matter of law and should be dismissed with prejudice.

As a threshold matter, Plaintiff lacks standing because it has not been injured in any legally cognizable way.  As one court has put it:  "You cannot sue a company and argue only—'it could do better by us' . . . . The fact that a seller does not sell the product that you want . . . at the price you'd like to pay, is not an actionable injury[.]" *Eike v. Allergan, Inc.*, 850 F.3d 315, 318 (7th Cir. 2017) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)).  And even if Plaintiff had standing, the Complaint still should be dismissed because Plaintiff has failed to plead a valid unjust enrichment claim for at least three reasons.

***First***, while Plaintiff does not specify what state law applies to its claim, assuming that Plaintiff seeks to apply Georgia law, Georgia courts have long made

1

clear that there is no standalone cause of action for unjust enrichment. Rather, unjust enrichment under Georgia law is an alternative theory of recovery for a failed breach-of-contract claim. Because Plaintiff has not pled a breach of contract—and in fact expressly disclaims the existence of any contract that could give rise to such a claim—its unjust enrichment claim must be dismissed with prejudice.

**Second**, Plaintiff has not plausibly pled the elements of unjust enrichment. The key elements of an unjust-enrichment claim are that (i) the defendant received a benefit at no cost to itself, and (ii) the defendant's failure to compensate the plaintiff in return would be unjust. Here, however, Plaintiff does not allege that it did not receive exactly the product it paid for or that there was any defect in the product it received. Nor does Plaintiff claim that it was somehow misled about or unaware of the price at the time of purchase. To the contrary, according to Plaintiff's own allegations, Plaintiff received exactly what it paid for (Acthar) for the price it knew about at the time of purchase. Plaintiff's belated complaint about the allegedly unfair price of the product simply does not give rise to an unjust enrichment claim.

**Third**, because Plaintiff concedes that it did not purchase Acthar directly from Mallinckrodt, Plaintiff has not, and cannot, plead that it conferred a "direct benefit" on Defendant, as is required to state an unjust enrichment claim under Georgia law. And Plaintiff's claim is separately precluded by *Illinois Brick*'s "indirect purchaser

rule," under which an indirect-purchaser plaintiff may not bring a state-law unjust enrichment claim unless the state has expressly repealed *Illinois Brick*. Georgia has not.

Ultimately, Plaintiff is asking this Court to determine the "correct" price for Acthar. In our legal system, courts simply are not designed or empowered to be the arbiter of the correct price for marketed goods. Plaintiff's invitation to do so here, if accepted, would improperly enmesh this and every other court in Georgia in the business of determining whether the price of every product—from pharmaceuticals to cars to computers to toothpaste—was the right or fair one. Try as it might, Plaintiff cannot shoehorn the fundamental premise of its Complaint—that Acthar should cost less—into a legal claim for relief.

The Complaint should be dismissed with prejudice.

## **BACKGROUND**[1]

Acthar is a complex specialty pharmaceutical that is approved by the FDA to treat numerous serious and rare conditions, including infantile spasms, multiple sclerosis exacerbations, and disorders of the joints, skin, eyes, kidneys, and respiratory system. *See* Compl. ¶¶ 14–16. Acthar was given broad approval by the

---

[1] Mallinckrodt denies the allegations in the Complaint but, unless otherwise noted, assumes the truth of those allegations solely for purposes of this Motion.

FDA in 1952 and, in 2001, Questcor Pharmaceuticals acquired the worldwide rights for its sale and manufacturing. *Id.* ¶¶ 14, 18. Questcor increased the price of Acthar during the 2001–2014 period, before Mallinckrodt acquired rights to Acthar. *Id.* ¶¶ 17–18, 20. In 2014, Mallinckrodt plc—the parent company of Defendant Mallinckrodt—acquired Questcor and, in turn, the rights to Acthar. *Id.* ¶¶ 18, 34. Mallinckrodt now markets Acthar.

Plaintiff is the City of Marietta, a city in northwest Georgia that pays for the health insurance benefits of its active and retired employees through a self-funded health plan. *Id.* ¶¶ 3, 6. Plaintiff claims that it has paid over $2 million for Acthar for a single beneficiary covered by its health plan, *id.*, though Plaintiff does not allege the date(s) of or price(s) paid for any of the purchases alleged to be at issue in this lawsuit. Plaintiff does not purchase Acthar directly from Mallinckrodt. *Id.* ¶ 52. Rather, Mallinckrodt sells Acthar to a distributor, which distributes the drug to a specialty pharmacy that sells the drug to the patient once a prescription is written. Plaintiff "continues to pay [] for administrations of Acthar." *Id.* ¶ 6.

Plaintiff alleges a single state-law unjust enrichment claim on behalf of a putative nationwide class and a Georgia sub-class of third-party payors, their beneficiaries, and people without insurance who paid for Acthar beginning four years before the Complaint was filed (*i.e.*, February 2016). *Id.* ¶ 50. The crux of

Plaintiff's claim is that Mallinckrodt sold Acthar at what Plaintiff considers to be an "inflated" price, *id.* ¶ 63, though Plaintiff admits that all but one of the price increases alleged in the Complaint occurred before 2014, when Mallinckrodt acquired the rights to Acthar. *Id.* ¶¶ 18, 20, 34.

Plaintiff's Complaint includes other allegations about purported conduct that are entirely irrelevant to Plaintiff's unjust enrichment claim. Plaintiff references Questcor's purchase of a potential alternative to Acthar—Synacthen—that is not approved for use in the United States. *Id.* ¶¶ 23–38. But that acquisition has nothing to do with the claimed unjust enrichment. Plaintiff further contends that Mallinckrodt has been accused of wrongdoing in other proceedings relating to Acthar, *id.* ¶¶ 39–46, again with zero ties to the one claim asserted in this case. Likewise, the Complaint is peppered with phrases from antitrust law, such as "monopoly pricing" and "monopoly power," that are not only baseless, but also irrelevant to Plaintiff's unjust enrichment claim. *Id.* ¶¶ 35, 37. Needless to say, none of these irrelevant allegations does anything to salvage Plaintiffs' Complaint.

## **LEGAL STANDARD**

To survive a motion to dismiss for lack of standing under Rule 12(b)(1), a plaintiff must demonstrate: (1) injury in fact, (2) a direct causal connection between the injury and the conduct alleged, and (3) a likelihood that the injury will be

redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206, 1213 (11th Cir. 2019). Failure to establish any one of these requirements "results in a failure to show standing" and thus requires dismissal. *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304–05 (11th Cir. 2004) (citing *Lujan*, 504 U.S. at 560).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is required under Rule 12(b)(6) if, assuming the truth of the factual allegations in Plaintiff's Complaint, there is a dispositive legal issue that precludes relief or if the claim is based on an indisputably meritless legal theory. *See Brown v. Crawford Cty.*, 960 F.2d 1002, 1009–10 (11th Cir. 1992); *Burrow v. Equifax Info. Servs., LLC*, No. 118CV05134JPBLTW, 2019 WL 5417147, at *7 (N.D. Ga. Aug. 5, 2019), *report and recommendation adopted*, No. 1:18-CV-05134-JPB, 2019 WL 5410067 (N.D. Ga. Aug. 26, 2019); *see also* Fed. R. Civ. P. 12(b)(6). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Put differently, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the "court's

duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is

not the equivalent of a duty to re-write it [for her]." *Tagliaferri v. Winter Park Hous.*

*Auth.*, 486 F. App'x 771, 774 (11th Cir. 2012) (quoting *Peterson v. Atlanta Hous.*

*Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

## ARGUMENT

Plaintiff's claim fails at the threshold for multiple reasons.  For one thing,

Plaintiff does not have constitutional standing to bring its unjust enrichment claim

because it has not alleged a cognizable injury in fact.  That is fatal to the Complaint.

Even if Plaintiff had standing—which it does not—the Complaint still should be

dismissed because Plaintiff has not plausibly pled an unjust-enrichment claim.

Under Georgia law, that claim fails for at least three independent reasons: (i) there

is no such thing as a standalone unjust-enrichment claim; (ii) Plaintiff has not

plausibly pled that it "conferred a benefit on the defendant and that equity requires

the defendant to compensate for that benefit," *Fortune v. Nationstar Mortg., LLC*,

No. 1:16-CV-1111-MHC-JKL, 2016 WL 11577292, at *10 (N.D. Ga. Dec. 16,

2016) (quotations and citation omitted), *report and recommendation adopted*, No.

1:16-CV-1111-MHC-JKL, 2017 WL 10991953 (N.D. Ga. Jan. 27, 2017); and (iii)

because Plaintiff is an indirect purchaser of Acthar, its claim is precluded both by

Georgia's requirement that Plaintiff confer a "direct benefit" on Mallinckrodt and

by *Illinois Brick*'s bar on indirect purchaser actions.   For these reasons—as expounded below—the Court should dismiss the Complaint in its entirety.   And, because any amendment would be futile, dismissal should be with prejudice.   *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).[2]

## I.   PLAINTIFF LACKS CONSTITUTIONAL STANDING.

Plaintiff does not have standing to bring this case.   Federal courts can only adjudicate actual "[c]ases" and "[c]ontroversies."   U.S. Const. art. III, § 2.   The "most significant doctrine" of the case-or-controversy requirement is that of standing.   *See Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004).   To establish Article III standing, a plaintiff "must demonstrate: 1) an injury in fact or an invasion of a legally protected interest; 2) a direct causal relationship between the injury and the challenged action; and 3) a likelihood of redressability."   *Id.* (citing *Lujan*, 504 U.S. at 560–61); *see also Corioliss, Ltd. v. Corioliss USA, Inc.*, No. CIV.A. 108-CV-2968-T, 2009 WL 2750972, at *3 (N.D. Ga. Aug. 25, 2009) (quoting *Midrash*, 366 F.3d at 1223).   Injury in fact is the "'[f]irst and foremost' of standing's three elements."   *Spokeo*, 136 S. Ct. at 1547; *see also*

---

[2] Among other reasons, amendment would be futile because Plaintiff does not have standing, *infra* Section I; Georgia law does not recognize unjust enrichment as an independent tort, *infra* Section II; and the injury Plaintiff alleges does not support a claim for unjust enrichment, *id.* Plaintiff cannot change these critical facts through even the most artful amended pleading.

*Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1204 (11th Cir. 1991) ("Although each of these concepts may blend into the others, the most important is the injury requirement.").

As the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of establishing each of these elements and "must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. 1540 at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  Plaintiff has not satisfied that burden because it has not even alleged, let alone pled any facts to support, an injury in fact.

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (citation omitted).  Plaintiff does not allege how the mere purchase of Acthar, standing alone, results in an actionable wrong. Compl. ¶¶ 62–63.  And courts in this District and elsewhere in this Circuit have consistently held that where a plaintiff receives the product for which it paid and thus gets the "benefit of the bargain," it has not suffered an "injury-in-fact for purposes of Article III standing." *Provost v. Aptos, Inc.*, No. 1:17-CV-02120-ELR, 2018 WL 1465766, at *4 (N.D. Ga. Mar. 12, 2018) (finding no Article III standing and rejecting plaintiff's "overpayment" argument where plaintiff received the benefit of the bargain); *see also Doss v. Gen. Mills, Inc.*, No. 18-61924-CIV, 2019

9

WL 7946028, at *2–3 (S.D. Fla. June 14, 2019) (finding no injury in fact where plaintiff paid for Honey Nut Cheerios and received what it bargained for—Honey Nut Cheerios); *Veal v. Citrus World, Inc.*, No. 2:12-CV-801-IPJ, 2013 WL 120761, at *4 n.7 (N.D. Ala. Jan. 8, 2013) ("[W]hile plaintiff repeatedly asserts he did not receive the 'benefit of his bargain' he never alleges what that benefit was or of what he was deprived.  He paid for orange juice mass produced and supplied to grocery stores all over the country, and that is exactly what he received."); *Arcure v. Kellogg Co.*, No. 210CV192FTM36SPC, 2011 WL 13294631, at *3 (M.D. Fla. Mar. 29, 2011) (finding no injury in fact where "Plaintiff received the crackers he paid for").

Of course, such a claim may be cognizable where the product the plaintiff received suffers from some defect or where the product is otherwise rendered "worthless."  *See Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084 (11th Cir. 2019).  But that is not what Plaintiff alleges.  According to the Complaint, Plaintiff paid for and received Acthar.  Compl. ¶¶ 3, 6.  Plaintiff does not allege that Mallinckrodt (or anyone else for that matter) misrepresented the quality or any feature of Acthar, nor does Plaintiff allege that any administrations of Acthar were defective.  All Plaintiff alleges is that, in its opinion, Acthar costs too much.  *Id.*

¶ 62.     That    is    not    enough    to    confer    standing. [3]     *See, e.g.*,
*Truthinadvertisingenforcers.com v. Dish Network, LLC*, No. 8:16-CV-2366-T-
33JSS, 2016 WL 7230955, at *4 (M.D. Fla. Dec. 14, 2016) ("[Plaintiff's] failure to
obtain the lowest price advertised . . . without being induced to purchase higher
priced services by those advertisements, is not a concrete injury.   It is merely the
personal disappointment of [Plaintiff's] expectations about the price it could pay for
internet services."); *Eike*, 850 F.3d at 318.

---

[3] There is another standing problem with Plaintiff's Complaint.   To the extent
Plaintiff, a city in Georgia, seeks to represent a nationwide class under Georgia law,
*see infra* Section II.B, it does not have standing to do so.   *See, e.g.*, *Wave Length
Hair Salons of Fla., Inc. v. CBL & Assocs. Props., Inc.*, No.
216CV206FTM38MRM, 2017 WL 10604140, at *6 (M.D. Fla. Apr. 11, 2017)
("[Plaintiff] does not have standing to bring a nationwide action on behalf of a
putative class for unjust enrichment when its claims arise from actions in Florida. . .
. Because the party invoking standing bears the burden, [plaintiff] failed to carry its
burden for any unjust enrichment claim other than Florida.").   And to the extent
Plaintiff seeks to pursue unjust enrichment claims under the laws of states other than
Georgia, it lacks standing to do that, too, because a plaintiff may not assert claims
under the laws of states where it does not reside or did not suffer injury.   *See id.*; *In
re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010)
("Plaintiffs may only assert a state statutory claim if a named plaintiff resides in that
state."); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1371–
72 (S.D. Fla. 2001) (each claim must be supported by a named plaintiff with standing
to assert that claim).   The only named plaintiff in this case resides in Georgia.   Thus,
to the extent Plaintiff seeks to litigate unjust enrichment claims under the laws of
other states, those claims must be dismissed.   *See In re Terazosin*, 160 F. Supp. 2d
at 1371–72.

Because Plaintiff has not adequately alleged an injury in fact, its Complaint should be dismissed for lack of standing.

## II.    PLAINTIFF FAILS TO PLEAD UNJUST ENRICHMENT.

Setting aside for the moment the Plaintiff's fatal lack of standing, Plaintiff's Complaint should be dismissed because Plaintiff has failed to plead an unjust enrichment claim.

### A.    Georgia Law Does Not Recognize Unjust Enrichment As An Independent Cause Of Action.

Plaintiff's claim fails at the outset because **there is no standalone claim for unjust enrichment under Georgia law**.[4]  *See Tolson Firm, LLC v. Sistrunk*, 338 Ga. App. 25, 31 (2016) ("Because [plaintiff] asserts unjust enrichment as a separate tort and not an alternative theory of recovery for a failed contract, this claim fails as a

---

[4] Plaintiff purports to plead its unjust enrichment claim on behalf of a putative nationwide class but fails to identify what state law applies, which alone is a basis for dismissal.  *See In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 167 (E.D. Pa. 2009) (unjust enrichment is a state-law claim that varies from state to state; it "is not a catch-all claim existing within the narrow scope of federal common law" (citation omitted)); *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.*, No. CIV. 12-169, 2013 WL 5503308, at *8 (D.N.J. Oct. 2, 2013) (collecting cases where federal courts dismissed unjust enrichment claims for "failure to specify the state law under which the plaintiffs proceed"); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2013 WL 2456612, at *31 (E.D. Mich. June 6, 2013) (same).  For purposes of this Motion, Mallinckrodt has assumed that Plaintiff seeks to apply Georgia law.  *See* Compl. ¶ 52.

matter of law."); *Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga. App. 440, 449 (2009) (same). Instead, unjust enrichment may be pled only as an ***alternative theory of recovery*** to a contract claim. *See Tolson*, 338 Ga. App. at 31. Thus, because unjust enrichment can only be pursued "if a contract claim fails," the absence of a predicate contract claim precludes pleading an unjust-enrichment claim. *Fallon*, 299 Ga. App. at 449

Indeed, in another case alleging unjust enrichment against Mallinckrodt based on the price of Acthar, the district court in Maryland considered whether the plaintiff could pursue unjust enrichment as a standalone cause of action under Maryland law. *See Washington Cty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, No. CV JKB-19-1854, 2020 WL 43016, at *13 (D. Md. Jan. 3, 2020). There, the court noted that Maryland law, like Georgia law, requires a plaintiff to state a claim for some underlying cause of action as a predicate to bringing an unjust enrichment claim. *Id.* Noting that the plaintiff had "not yet identified a law that [Mallinckrodt] violated," the court dismissed the complaint. *Id.* at *14.

Here, Plaintiff has pled only a single claim for relief, for unjust enrichment. *See* Compl. ¶¶ 61–64. It has not pled a contract claim, nor has it pled any other claim on which its unjust enrichment claim might piggyback. Plaintiff has in fact expressly ***disavowed the existence of any contract*** (and thus any potential contract claim)

13

between itself and Mallinckrodt: In both of its proposed classes, Plaintiff excludes "all persons or entities who purchased Acthar . . . via legal contract with Defendant." *See id.* ¶ 52.  Plaintiff has therefore pled its way out of an unjust enrichment claim, and its Complaint must be dismissed.  *See Tolson*, 338 Ga. App. at 31; *see also De Leon v. All Stars Glob. Techs., Inc.*, No. 4:17-CV-0184-HLM, 2017 WL 10574524, at *4 (N.D. Ga. Nov. 28, 2017) (applying Georgia law and dismissing standalone unjust enrichment claim); *Alexander v. Nationstar Mortg., LLC*, No. 1:14-CV-2511-SCJ, 2015 WL 11578457, at *3 (N.D. Ga. Jan. 29, 2015) (same).

### B.    Plaintiff Has Not Plausibly Pled The Elements Of Unjust Enrichment.

Even if Plaintiff could pursue unjust enrichment as an independent cause of action—which it cannot—the claim would nevertheless fail because Plaintiff has not plausibly alleged the elements of unjust enrichment.  Under Georgia law, "[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." *Clark v. Aaron's, Inc.,* 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012) (citing *Smith Serv. Oil Co. v. Parker*, 250 Ga. App. 270, 271 (2001)).  The mere fact that Plaintiff thinks the price of Acthar is "unjust" does not give rise to an unjust enrichment claim.  Plaintiff must plead plausible allegations showing that it is entitled to relief, which it has not done.

14

The "essential elements" of unjust enrichment under Georgia law are "that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." *Clark*, 914 F. Supp. 2d at 1309.  Sensibly, Georgia law does not permit an unjust enrichment claim where a plaintiff has received the benefit for which it compensated the defendant. *See Smith Serv. Oil Co.*, 250 Ga. App. at 271 (dismissing unjust enrichment claim where plaintiff alleged "damage to its business based on [defendant] refusing further deliveries," but failed to "alleg[e] that [it] conferred a benefit on [defendant] for which it has not been compensated"); *see also Middleton v. Int'l Bus. Machs. Corp.*, 787 F. App'x 619, 624 (11th Cir. 2019) (affirming dismissal of Georgia unjust enrichment claim where plaintiff was compensated for the benefit it conferred).

That is the situation here.  Plaintiff alleges that Mallinckrodt was unjustly enriched by "collecting" Plaintiff's payments for purchases of Acthar.  Compl. ¶¶ 62–63.  But Plaintiff received precisely what it paid for: Acthar.  Plaintiff does not allege that it did not receive the Acthar for which it paid, or that there was anything defective about the product.  To the contrary, Plaintiff has paid for—and continues to pay for—Acthar to be administered to its employee(s) as prescribed. And  Plaintiff's  employee(s)  received—and  continue(s)  to  receive—those administrations.  *Id*. ¶¶ 3, 6.

Nor does Plaintiff allege that any payment for Acthar was made without knowledge of the price being charged. In fact, Plaintiff spends nearly ten pages of its Complaint discussing various price increases and lawsuits related to Acthar. *See* Compl. ¶¶ 18–47. If anything, these allegations just show that Plaintiff knew the price of Acthar throughout the relevant period but continued to purchase the drug anyway.[5] The fact that Plaintiff has now belatedly decided the price of Acthar is too high falls far short of creating a claim for unjust enrichment under Georgia law. *See Smith*, 250 Ga. App. at 271; *see also Se. Pennsylvania Transp. Auth. v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 705 (E.D. Pa. 2015) ("Again, plaintiffs believe that Gilead's prices are too high and that their profit margin is somehow unreasonable or unfair, but that belief does not create a claim for unjust enrichment."); *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) (plaintiffs' subjective belief that they "overpaid for Lipitor" is not enough to state a claim for unjust enrichment); *In re Cohen*, 182 B.R. 46, 48 (Bankr. C.D. Cal. 1994), *aff'd*, 199 B.R. 709 (B.A.P.

---

[5] The chart Plaintiff relies upon to demonstrate the alleged price increases, Compl. ¶ 21, has been publicly available online since at least April 2017. *See* Linette Lopez, *An Illinois City Just Stepped into the War on Drug Pricing Against Big Pharma*, BUSINESS INSIDER, (Apr. 9, 2017), https://www.businessinsider.com.au/rockford-sues-mallinckrodt-over-acthar-price-2017-4.

9th Cir. 1996) ("[T]he fact that the price falls at the high end of fair market value for the goods does not result in unjust enrichment to the sellers.").[6]

### C.  As An Indirect Purchaser, Plaintiff Cannot State A Claim For Unjust Enrichment Under Georgia Law.

Plaintiff's concession that it does not purchase Acthar directly from Mallinckrodt, *see* Compl. ¶ 52, also mandates dismissal, for two independent reasons.

***First***, as an indirect purchaser, Plaintiff has not pled that it conferred a "direct benefit" on Mallinckrodt (nor could it), as is required to state an unjust enrichment claim under Georgia law.  *Archer v. Holmes*, No. 1:17-CV-2051-TWT, 2018 WL 534475, at *5 (N.D. Ga. Jan. 23, 2018), *reconsideration denied*, No. 1:17-CV-2051-TWT, 2018 WL 3454899 (N.D. Ga. Apr. 9, 2018) (dismissing unjust enrichment claim where plaintiff failed to plead privity with downstream corporate defendants);

---

[6] Although the allegations in the Complaint refer to an alleged prescription "scheme," Compl. ¶¶ 40–42, 44, 47, the crux of Plaintiff's complaint is focused on the price of Acthar and does not appear to allege fraud as the basis of its Complaint. But to the extent Plaintiff does attempt to allege fraud as the basis of its unjust enrichment claim, it does not meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).  *See, e.g.*, *Gaylord v. Ocwen Loan Servicing, LLC*, No. 2:12-CV-00087-WCO, 2013 WL 12291744, at *15 (N.D. Ga. Mar. 27, 2013) (applying Rule 9(b) to unjust enrichment claim sounding in fraud and dismissing claim).  The Complaint does not include any allegations about even the most basic facts underlying its claim, such as the dates of the alleged purchases, the prices it paid for any such purchases, or the number of prescriptions Plaintiff covered for its employees.

*see also Peterson v. Aaron's, Inc.,* No. 1:14-CV-1919-TWT, 2015 WL 5479877, at *2 (N.D. Ga. Sept. 16, 2015) (same).[7]

Second, Plaintiff's claim is barred by *Illinois Brick*'s prohibition on indirect purchaser actions.  In *Illinois Brick Co. v. Illinois*, the Supreme Court held that only a direct purchaser that incurred overcharges from an antitrust violation—and not others further down the chain of distribution—may recover damages under federal antitrust law.  431 U.S. 720, 746–47 (1977); *see also Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 763 F.3d 1280, 1285 (11th Cir. 2014) ("Under the direct purchaser rule, only the customer who purchased the goods or services at issue directly from the alleged antitrust violator can recover damages.").  Applying *Illinois Brick*, courts have consistently held that, absent a showing that the common law of the state in question expressly allows for such recovery, indirect purchasers like

---

[7] *See also Mason v. Midland Funding LLC*, No. 1:16-CV-02867-CC-RGV, 2017 WL 6994577, at *34 (N.D. Ga. July 27, 2017), *report and recommendation adopted as modified*, No. 1:16-CV-2867-CC, 2017 WL 8186866 (N.D. Ga. Sept. 29, 2017) (dismissing unjust enrichment claim where plaintiffs failed to adequately plead that they conferred a benefit directly on any defendant); *Helping v. Rheem Mfg. Co.*, No. 1:15-cv-2247-WSD, 2016 WL 1222264, at *18 (N.D. Ga. Mar. 23, 2016) (same);  *Foxworthy, Inc. v. CMG Life Servs., Inc.*, No. 1:11-CV-2682-TWT, 2012 WL 1269127, at *8 (N.D. Ga. Apr. 16, 2012) (same); *Scott v. Mamari Corp.*, 242 Ga. App. 455, 458 (2000) (rejecting unjust enrichment claim where there was "no evidence that either [defendant] . . . received the *direct benefit* of [plaintiff's] labor" (emphasis added)).

Plaintiff may not bring state-law unjust enrichment claims if they would be barred from bringing a claim under that state's antitrust and consumer-protection laws. *See, e.g.*, *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 11835, 2019 WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019); *In re Terazosin*, 160 F. Supp. 2d at 1372 (dismissing unjust enrichment claim and noting that "state legislatures and courts that adopted the *Illinois Brick* rule against indirect purchaser antitrust suits did not intend to allow 'an end run around the policies allowing only direct purchasers to recover'" (citation omitted)). Put differently, the "indirect-purchaser rule" allows indirect purchasers to bring state-law claims only in states that recognize such a cause of action, through *Illinois Brick*-repealer laws or decisions. *See California v. ARC Am. Corp.*, 490 U.S. 93, 103 (1989).

While neither the Georgia Supreme Court nor this Court has squarely addressed whether Georgia law permits indirect purchaser claims for unjust enrichment, federal courts across the country have consistently held that it does not. *See, e.g.*, *In re Loestrin*, 410 F. Supp. 3d at 381 (dismissing indirect purchaser action for unjust enrichment brought under Georgia law and noting that Georgia has not passed an *Illinois Brick*-repealer statute); *In re Novartis*, 2019 WL 3841711, at *6 (same); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. CV 14-MD-

19

02503-DJC, 2015 WL 5458570, at *18 (D. Mass. Sept. 16, 2015) (same); *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1174–75 (N.D. Cal. 2015) (same); *United Food & Commercial Workers Local 1776 & Participating Employ. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1089–90 (N.D. Cal. 2014) (same); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763–64 (E.D. Pa. 2014) (same).[8]  Mallinckrodt respectfully submits that the Court should join the majority of courts on this issue and hold that unjust enrichment claims brought under Georgia law cannot be used as an end-run around *Illinois Brick*.[9]

_____

[8] This is the position of the "vast majority of courts."  *See In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 11835, 2019 WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019).  A lone decision from the Eastern District of Pennsylvania has held that *Illinois Brick* does not bar unjust enrichment claims by indirect purchasers under Georgia law, *see In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019), but that decision has not been followed by any other court, and at least one court has expressly rejected its holding.  *See In re Novartis*, 2019 WL 3841711, at *6 ("Plaintiffs' citation to *In re Generic Pharm. Pricing Antitrust Litig.* [] is unpersuasive.").

[9] Under Georgia law, unjust enrichment claims have a four-year statute of limitations and accrue at "the time plaintiff could have *first* maintained his action to a successful result."  *See Engram v. Engram*, 265 Ga. 804, 806 (1995) (citation and quotations omitted) (emphasis added); *see also* O.C.G.A. § 9-3-26.  Here, Plaintiff's unjust enrichment claim is based on price increases that, with a single exception, occurred between 2001–2014 and thus are outside the statute of limitations period.  *See* Compl. ¶¶ 18–36.  Allowing Plaintiff to sue based on conduct that occurred many years earlier simply because it made a purchase during the limitations period would effectively nullify the statute of limitations.  For example, under the City's theory of recovery, it could continue to voluntarily purchase Acthar at allegedly "inflated" prices until 2050, file suit in 2053 based on price increases that occurred in 2014,

## **CONCLUSION**

For all of the reasons stated above, Plaintiff's Complaint should be dismissed with prejudice.

Dated: April 13, 2020

/s/ *Michael A. Caplan*
Michael A. Caplan
Sarah Brewerton-Palmer
CAPLAN COBB LLP
75 Fourteenth Street NE, Suite 2750
Atlanta, GA 30309

E. Desmond Hogan (admitted *pro hac vice*)
Elizabeth A. Jose*
Kathryn Marshall Ali (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street, N.W.
Washington, D.C. 20004

*Application for *pro hac vice* pending.

*Counsel for Defendant*

---

and still not run afoul of the four-year statute of limitations. This is plainly inconsistent with the statute of limitation's express purpose of providing "finality in litigation." *See Bryant v. Allstate Ins. Co.*, 254 Ga. 328, 330 (Ga. 1985). It also would allow plaintiffs to wait to file suit in order to capitalize on whichever four-year period in which their damages were greatest. However, because Plaintiff's Complaint is devoid of any allegations concerning when it began purchasing Acthar (or even when it made the purchases that are the subject of the Complaint), it is not clear from the face of the Complaint when Plaintiff became aware of the price of the product. Consequently, while Mallinckrodt does not move for dismissal at this time based on a statute of limitations, Mallinckrodt reserves the right to do so.

21

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Local Rule 7.1D, I hereby certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1C.

This 13th day of April, 2020.

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039

**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2020, I caused a true and correct copy of the foregoing to be delivered via the Court's electronic filing system to the following:

Douglas R. Haynie
Daniel W. White
HAYNIE, LITCHFIELD & WHITE, P.C.
222 Washington Avenue
Marietta, GA 30060
Phone (770) 422-8900
Fax (770) 424-8900
dhaynie@hlw-law.com
dwhite@hlw-law.com

Jordan L. Lurie
Ari Y. Basser
POMERANTZ LLP
1100 Glendon Avenue
Los Angeles, CA 90024
Phone (310) 432-8492
jllurie@pomlaw.com
abasser@pomlaw.com

/s/ *Michael A. Caplan*
Michael A. Caplan