# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| CITY OF MARIETTA, on behalf of itself and all others similarly situated, | Case No. 1:20-cv-00552-SDG |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| MALLINCKRODT ARD LLC, *formerly known as* MALLINCKRODT ARD, INC., *formerly known as* QUESTCOR PHARMACEUTICALS, INC. | |
| Defendants. | |

## PLAINTIFF CITY OF MARIETTA'S OPPOSITION TO MALLINCKRODT ARD LLC'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ...............................................................................1

II.   SUMMARY OF FACTS ....................................................................2

III.  ARTICLE III STANDING IS SATISIFED .....................................3

IV.   UNJUST ENRICHMENT IS AN INDEPENDENT CLAIM ........7

V.    THE CITY HAS STATED A CLAIM FOR UNJUST ENRICHMENT......14

    A.    Benefit of the Bargain is an Issue of Fact ...........................14

    B.    Plaintiff Conferred a Benefit on Defendant ........................17

    C.    Defendant's Antitrust Argument is a Red Herring .............20

VI.   CONCLUSION..................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advance PCS v. Bauer*,
   280 Ga. 639 (2006) ...................................................................................11

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
   175 F. Supp. 3d 44 (S.D.N.Y. 2016) ..........................................................4

*Amin v. Mercedes-Benz USA, LLC*,
   349 F. Supp. 3d 1338 (N.D. Ga 2018) ......................................................17

*Bratton v. Hershey Co.*,
   2017 U.S. Dist. Lexis 74508 (W.D. Mo. 2017).........................................5

*California v. ARC America Corp.*,
   490 U.S. 93 (1989)....................................................................................21

*Chartis Ins. Co. v. Freeman*,
   2013 U.S. Dist. LEXIS 200065 (S.D. Ga. 2013).......................................17

*Clark v. Aaron's, Inc.*,
   914 F. Supp. 2d 1301 (N.D. Ga. 2012)................................................1, 14

*Cleary v. Phillip Morris, Inc.*,
   656 F.3d 511 (7th Cir. 2011) ....................................................................12

*Danvers Motor Co. v. Ford Motor Co.*,
   432 F.3d 286 (3d Cir. 2005) ......................................................................3

*De Leon v. All Stars Global Techs., Inc.*,
   2017 U.S. Dist. LEXIS 227394 (N.D. Ga. 2017) .......................................8

*Delta Air Lines v. Wunder*,
   2015 U.S. Dist. LEXIS 189745 (N.D. Ga. 2015) .......................................9

*Eike v. Allergan, Inc.*,
   850 F. 3d 315 (7th Cir. 2017) ....................................................................4

*Elias v. Pilo*,
   781 Fed. Appx. 336 (5th Cir. 2019)...........................................................16

*Gamboa v. Merrick Bank Corp.*,
   2016 U.S. Lexis 188589 (N.D. Ga. 2016) ...........................................................3

*In re Asacol Antitrust Litig.*,
   907 F.3d 42 (1st Cir. 2018).................................................................................4

*In re Auto. Parts Antitrust Litig.*,
   29 F. Supp. 3d 982 (E.D. Mich. 2014) ..............................................................15

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*,
   687 F. Supp. 2d 897 (W.D. Mo. 2009)...............................................................15

*In re Cardizem CD Antitrust Litig.*,
   105 F. Supp. 2d 618 (E.D. Mich. 2000) .............................................................19

*In re Checking Account Overdraft Litig.*,
   275 F.R.D. 666 (S.D. Fla. 2011).........................................................................7

*In re Cohen*,
   182 B.R. 46 (Bankr. C.D. Cal. 1994) .................................................................16

*In re EpiPen Mktg, Sales Practices and Antitrust Litig.*,
   336 F. Supp. 3d 1256 (D. Kan. 2018)...............................................................4, 5

*In re G-Fees Antitrust Litig.*,
   584 F. Supp. 2d 26 (D.D.C. 2008).....................................................................21

*In re Generic Pharms. Pricing Antitrust Litig.*,
   368 F. Supp. 3d 814 (E.D. Pa. 2019)............................................................18, 21

*In re K-Dur Antitrust Litig.*,
   338 F. Supp. 2d 517 (D.N.J. 2004).....................................................................14

*Klay v. Humana, Inc.*,
   382 F.3d 1241 (11th Cir. 2004) ...........................................................................6

*Marty v. Anheuser-Busch Cos., LLC*,
   43 F. Supp. 3d 1333 (S.D. Fla. 2014).................................................................15

*MC Asset Recovery, LLC v. Southern Co.*,
   2006 U.S. Dist. LEXIS 97034 (N.D. Ga. 2006)................................................8, 9

*Middleton v. IBM*,
787 Fed. Appx 619 (11th Cir. 2019)...................................................................16

*Ortiz v. Fibreboard Corp*.,
527 U.S. 815 (1999)...........................................................................................5

*Prohias v. Pfizer, Inc.*,
490 F. Supp. 2d 1228 (SD Fl. 2007).................................................................15

*SEPTA v. Gilead Scis., Inc.*,
102 F. Supp. 3d 688 (ED Pa. 2015)..................................................................16

*Smith Serv. Oil Co. v. Parker*,
250 Ga. App. 270 (2001)..................................................................................17

*St. Paul Mercury Ins. Co. v. Meeks*,
270 Ga. 136 (1998).........................................................................................12

*Stenger v. World Harvest Church, Inc.*,
2006 U.S. Dist. LEXIS 15108 (N.D. Ga. 2016)...............................................12

*Terrill v. Electrolux Home Prods., Inc.*,
753 F. Supp. 2d 1272 (S.D. Ga. 2010)..............................................................17

*Tolson Firm, LLC v. Sistrunk*,
338 Ga. App. 25 (2016).................................................................................8, 12

*Truthinadvertisingenforcers.com v. Dish Network, LLC*,
2016 WL 7230955 (M.D. Fla. Dec. 14, 2016)..................................................16

*Wachovia Ins. Servs v. Fallon*,
299 Ga. App. 440 (2009).................................................................................7, 8

*Williams v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 105513 (S.D. Fla. 2011)..............................................18

*Wilson v. Everbank*,
77 F. Supp. 3d 1202 (S.D. Fla. 2015)............................................................6, 7

**Statutes**

Clayton Act § 4 ..................................................................................................21

## I.   INTRODUCTION

As the price of Acthar rose from $40 per vial to the eye-popping cost of over $39,000 per vial, the City of Marietta ("Plaintiff" or "the City") paid over $2 million from its self-funded health plan, at taxpayers' expense, to purchase the drug for just one patient.  The City isn't simply "disappointed" because it did not get the best price for Acthar.  The City alleges that it paid more for Acthar than it otherwise would have paid *because of illegal conduct by Mallinckrodt*.  The City's allegations state a claim for unjust enrichment.  It is well-settled that there is a claim for unjust enrichment under Georgia law "'when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated.'" *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012) (citing *Smith Serv. Oil Co. v. Parker*, 250 Ga. App. 270, 271 (2001)).

Defendant's attempt to derail Plaintiff's claim by raising threshold issues is unavailing.  The City has Article III standing because Plaintiff alleges actual economic loss by overpaying for Acthar due to Defendant's unlawful conduct.  Plaintiff can bring a standalone claim for unjust enrichment because Georgia law does not require that the City's unjust enrichment claim be anchored to another legal claim to be actionable.  Plaintiff also has sufficiently pled that Defendant

benefited, directly or indirectly, from the City's payment.  None of Defendant's other contentions compel dismissal of the City's claim at the pleading stage.[1]

## II.   SUMMARY OF FACTS

The City of Marietta employs more than 700 benefits-eligible individuals in the service of its citizens and also provides health insurance benefits to more than 300 retired individuals.  A family member of one such individual has a serious medical condition, for which Acthar was indicated as the treatment.  The City pays the health care benefits of its employees, which includes administrations of Acthar, from its tax revenues.  That means that any illegal price gouging by Defendant affects the taxpayers of Marietta.  (Compl., ¶¶ 3, 6).

The Complaint alleges that the exorbitant and unconscionable prices that the City paid, and continues to pay, for Acthar were caused by Mallinckrodt's illegal conduct.  This conduct includes buying the only viable competitor to Acthar and then shelving the rights to Acthar's much cheaper synthetic equivalent (¶¶ 22-38); engaging in a kickback scheme with doctors who prescribed Acthar in situations in which it was not called for, which also contributed to the high prices for Acthar (¶¶ 39-43); and using a foundation as a conduit to illegally pay patients' co-payments in violation of the Federal Anti-Kickback Statute, which prohibits a pharmaceutical

---

[1] Defendant also discusses statute of limitations but expressly does not move to dismiss on that ground (Motion at 20, fn. 9).  Therefore, Plaintiff does not address that argument and reserves the right to do so.

company from paying anything to induce Medicare patients to buy a company's
drugs.  (¶¶ 44-47).

The grossly inflated prices that the City paid for Acthar were the result of
specific wrongful conduct by Mallinckrodt.  It would be inequitable and unjust for
Mallinckrodt to retain such benefits at the City's expense.

## III.    ARTICLE III STANDING IS SATISIFED

The "injury-in-fact" requirement, which is the only Article III element
challenged by Defendant, is a "low threshold" meant to ensure that the plaintiff has
a personal stake in the outcome of the controversy.  *See, e.g., Gamboa v. Merrick
Bank Corp.*, 2016 U.S. Lexis 188589 (N.D. Ga. 2016) (citing *Ross v. Bank of Am.,
N.A.*, 524 F.3d 217, 222 (2d Cir. 2008)).

Plaintiff's allegations satisfy the injury-in-fact requirement under Article III.
The Complaint expressly alleges that "The City and other members of the Class
paid more for Acthar than they otherwise would have paid in the absence of
Mallinckrodt's unlawful conduct" (¶ 3) and that "Plaintiff and members of the
Class provided a benefit to Defendant by purchasing Acthar at inflated prices."
(¶ 62).  Economic injury is a paradigmatic form of "injury-in-fact" under Article
III.  *See, e.g., Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir.
2005) ("While it is difficult to reduce injury-in-fact to a simple formula, economic
injury is one of its paradigmatic forms.")

Plaintiff's allegations here go well beyond those in the cases cited by Defendant.  This is not a circumstance, as in *Eike v. Allergan, Inc*., 850 F. 3d 315, 318 (7th Cir. 2017), where plaintiff's only claim is that it is simply disappointed because it did not get the best price.  Here, the City alleges unlawful and unjust actions by Defendant, resulting in actual injury to Plaintiff in the form of economic loss, which is sufficient to establish Article III standing.  *See In re Asacol Antitrust Litig.*, 907 F.3d 42, 47 (1st Cir. 2018) ("The named plaintiffs in this case indisputably have standing to litigate their own claims . . . They plausibly allege an injury in the form of lost money fairly traceable to an allegedly unlawful supra-competitive price, and seek classic redress in the form of a damage award."); *Alaska Elec. Pension Fund v. Bank of Am. Corp.,* 175 F. Supp. 3d 44, 53 (S.D.N.Y. 2016) ("[The] 'paid too much' or 'received too little' harm is classic economic injury-in-fact. . . the mere fact 'that an injury may be outweighed by other benefits, while often sufficient to defeat a claim for damages, does not negate standing.'").

*In re EpiPen Mktg, Sales Practices and Antitrust Litig*., 336 F. Supp. 3d 1256 (D. Kan. 2018) is particularly instructive.  In that case, defendants contended the class plaintiffs received exactly what they purchased – an EpiPen device – and that absent allegations that the EpiPen was different from what they expected to purchase, the class plaintiffs had no standing to assert their consumer protection claims.  The court rejected that argument, noting that plaintiff "actually alleges

injury in the form of economic loss. Specifically, the class plaintiffs allege that defendants engaged in unlawful conduct (including unfair methods of competition and unfair or deceptive acts or practices) and that, but for the unlawful conduct, the class plaintiffs 'would have paid less for both branded and generic versions of EpiPen.'" *Id*. at 1332. Further, the court ruled that "Although the class plaintiffs here never allege that they purchased a defective product, the court finds that they adequately have alleged economic loss sufficient to discharge the standing requirement." *Id*. Accepting the City's allegations as true, as required at the pleading stage, Plaintiff has adequately alleged injury-in-fact.

Defendant also suggests that Plaintiff does not have standing to represent a nationwide class asserting claims under state laws that are the same as Georgia's. Motion at 11, fn. 3. First, that is not an issue that the Court needs to, or should, consider now. The question Defendant is attempting to have the Court decide at this stage is not a standing issue but a class certification issue, which is both proper and more efficient to consider in the context of the class certification analysis when the Court can consider commonality and typicality issues with respect to the named plaintiff and other putative class members. *Ortiz v. Fibreboard Corp*., 527 U.S. 815, 831 (1999) (holding that it is appropriate to defer class standing objections until after class certification where certification issues are "logically antecedent" to Article III concerns). *See also Bratton v. Hershey Co.*, 2017 U.S.

Dist. Lexis 74508, at * 28 (W.D. Mo. 2017) ("the Court finds persuasive the majority of the authorities that follow the class certification approach, limiting the standing inquiry to the named plaintiff's individual standing, and deferring consideration of whether the plaintiff may represent others until a later stage."); *Wilson v. Everbank*, 77 F. Supp. 3d 1202, 1229 (S.D. Fla. 2015) ("the Court declines to preempt the class certification analysis by considering the standing issue at this logically precedent stage in the litigation").

Second, dismissal of putative nationwide class claims prior to the Court's consideration of class certification under Rule 23 would impermissibly "conflate[] the issue of whether the named Plaintiffs have standing to bring their individual claims with the secondary issue of whether they can meet the requirements to certify a class under Rule 23." *Wilson, supra,* 77 F. Supp. 3d at 1231.

Finally, even if this Court were to consider the issue now, the Eleventh Circuit has determined that where, as here, plaintiff's claims are based on a principle of law that is uniform among the states involved, the named plaintiff *is* permitted to represent class members with claims arising under other states' laws. *Klay v. Humana, Inc*., 382 F.3d 1241, 1262 (11th Cir. 2004) ("if a claim is based on a principle of law that is uniform among the states, class certification is a realistic possibility"). That is particularly true in this case, where there would be no conflicts of state law because the putative class, as defined, expressly excludes

purchasers in states "where a separate claim for unjust enrichment is not recognized or where the unjust enrichment law is not the same or similar to Georgia law." (¶ 52).  *See also Wilson, supra,* 77 F. Supp. 3d at 1229 ("[P]rovided that the named plaintiff articulates a redressable injury suffered as a result of the defendant's conduct and that her claims are based on principles of law that are uniform among the states that are involved, courts in this Circuit permit named plaintiffs to represent class members with claims arising under other states' laws."); *In re Checking Account Overdraft Litig*., 275 F.R.D. 666, 674 (S.D. Fla. 2011) (decided *after* the *In re Checking Account Overdraft Litig*. opinion cited by Defendant) (certifying nationwide class with common law claims finding that "Plaintiffs' claims arise out of the same course of conduct and are based on the same legal theories as those of the absent class members").

## IV.   UNJUST ENRICHMENT IS AN INDEPENDENT CLAIM

Defendant's contention that an unjust enrichment claim is available only as an alternative to a failed claim for breach of contract or that there is no stand-alone claim for unjust enrichment under Georgia law turns on a fundamental misreading of Georgia case law.

Defendant relies on *Wachovia Ins. Servs v. Fallon*, 299 Ga. App. 440, 448 (2009) and its progeny for the proposition that "a claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails" (*citing*

7

*Tidikis v. Network for Med. Comm's & Research*, LLC, 274 Ga. App. 807 (2005)).[2]

Defendant interprets this language as precluding an unjust enrichment claim,

unless the claim is pled as an alternative to a breach of contract.  That is incorrect.

The quote from *Tidikis* simply stands for the unremarkable proposition that unjust

enrichment is not a tort, but is an equitable concept that applies when there is no

legal contract – not that the absence of a predicate contract claim precludes

adequately pleading unjust enrichment.

Fortunately, two courts in this District have expressly rejected Defendant's

misreading of the case law.

In *MC Asset Recovery, LLC v. Southern Co.*, 2006 U.S. Dist. LEXIS 97034

(N.D. Ga. 2006), defendant argued, like here, that plaintiff's unjust enrichment

claim "must fail because it is not an independent tort-like claim. But rather is

dependent on a quasi-contract theory; or, stated differently, it is simply 'an

alternative theory of recovery if a contract claim fails.'"  *Id*. at *35.  Judge Martin

firmly rebuffed that argument, holding that "*it does not appear that Georgia law*

---

[2] Defendant also cites to *Tolson Firm, LLC v. Sistrunk*, 338 Ga. App. 25 (2016) and *De Leon v. All Stars Global Techs., Inc*., 2017 U.S. Dist. LEXIS 227394 (N.D. Ga. 2017), both of which rely on this exact same language from *Wachovia*.  All three of these cases, unlike the instant action, contain allegations of a contract.

*limits an action for unjust enrichment in this manner*" (emphasis added). *Id*. at *36.

The court reasoned that under Georgia law, "unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for. . . The court views this [whether a defendant, under equitable principles, ought to return a benefit to plaintiff] *as a proper statement of a claim for unjust enrichment* and expects the question of whether equity demands such a return to be a question of fact for the factfinder to determine at trial." *Id*. at *38 (emphasis added).

Similarly, in *Delta Air Lines v. Wunder*, 2015 U.S. Dist. LEXIS 189745 (N.D. Ga. 2015), defendant tried to make the same argument that "unjust enrichment is not a separate tort but only a separate theory of recovery if a contract fails." *Id.* at *41. Judge Cohen upheld plaintiff's claim, reasoning that "'[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated'" and that an unjust enrichment claim was proper in that situation because no contract existed and there was no chance for double recovery. *Id*. (citing *Tidikis*, 274 Ga. App. at 811).

9

A careful reading of *Tidikis, supra,* further confirms that the foregoing courts are correct and that Defendant is misapplying the quote from *Tidikis.*   In *Tidikis,* the plaintiff was "treating the unjust enrichment claim like a tort," claiming that "defendants violated his legal right to property interest," and was effectively seeking double recovery for a breach of contract claim.  *Tidikis*, 274 Ga. App. at 811.  In that specific context, the court rejected plaintiff's contention, noting that "[h]owever, a claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails." *Id*.  The court noted that "[h]ere, any benefit conferred on the defendants was triggered by a provision in the contract, the validity of which neither Tidikis nor the defendants challenge. *Under these circumstances*, the unjust enrichment claim fails as a matter of law."  *Id.* (emphasis added).

*Tidikis* in no way suggests what Defendant claims it says – that unjust enrichment is always only an alternative theory of recovery or that unjust enrichment requires a failed contract claim.  Defendant is misreading the language in order to advocate for a much different and far-reaching rule, a misinterpretation that has been rejected by the foregoing courts.  Rather, *Tidikis* was referring to a circumstance where plaintiff had claimed a contract in addition to unjust enrichment.  This is not such a case.  Here, there is no contract and no risk that the

10

City will obtain a double recovery.  To the contrary, a claim for unjust claim may possibly be the only way that the City can achieve a remedy.

Most courts have correctly applied the language and logic of *Tidikis* where a contract *is alleged* and a claim for unjust enrichment could lead to double recovery, unless pled as an alternative theory.   Unfortunately, some courts have simply lifted the limiting language about unjust enrichment and applied it to imply that unjust enrichment can never be asserted absent a claimed contract.  However, *Tidikis*, properly read, does *not* stand for the proposition that there can never be a stand-alone claim for unjust enrichment or that an unjust enrichment claim can only be brought in tandem with, or as an alternative to, a breach of contract claim.  Simply put, unjust enrichment is a long entrenched equitable claim which fills the void between tort and contract law.  Unjust enrichment is proper where there is no valid or enforceable contract and need not be predicated on a breach of contract or other claim.

Further, no Georgia Supreme Court has agreed with Defendant or held that the essential elements of a claim for unjust enrichment must include the existence of other claims or be anchored to other wrongful conduct.[3]  This makes sense

---

[3] In fact, in *Advance PCS v. Bauer*, 280 Ga. 639 (2006), the Georgia Supreme Court could have made Defendant's point, and it did not.  In that case, plaintiff alleged a single claim for unjust enrichment.  Neither the trial court, nor the Court of Appeals, nor the Supreme Court noted that a standalone claim for unjust

because the focus of a claim for unjust enrichment is on defendant's *benefit,* which is the central feature of unjust enrichment under Georgia law. *Stenger v. World Harvest Church, Inc.*, 2006 U.S. Dist. LEXIS 15108, at *10 (N.D. Ga. 2006) ("In the broadest sense, the theory of unjust enrichment, under Georgia law, is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits when there was no legal contract to pay" (internal citations omitted). *See also St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1998) ("unjust enrichment is an equitable concept and 'applies when as a matter of fact there is no legal contract. . ., but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for.'")

Therefore, a separate claim of wrongdoing by defendant may also be alleged, but it is not necessary under Georgia Supreme Court precedent. *Accord Cleary v. Phillip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("what makes the retention of the benefit unjust is *often due* to some improper conduct by the defendant," and "*usually* this improper conduct will form the basis of another

---

enrichment is invalid. Ultimately, the Supreme Court dismissed plaintiff's unjust enrichment claim under ERISA preemption and not because it was an independent claim. Even in *Tolson Firm*, *supra*, relied upon by Defendant, a single counter-claim for unjust enrichment was allowed to proceed, and the court did not dismiss that claim simply because it was a standalone claim.

claim against the defendant in tort, contract, or statute," but such wrongful conduct is not a required predicate for unjust enrichment) (emphasis added).  What makes Mallinckrodt's conduct unjust is that it profited from its alleged wrongdoing, violating fundamental principles of justice, equity and good conscience.

Emphasizing the benefit retained by defendant, rather than anchoring it to a another cause of action, is consistent with the purpose of an unjust enrichment claim under Georgia law, namely, to remedy the injustice that would result if a defendant were allowed to retain a benefit to which it is not entitled.  Allowing a claim for unjust enrichment to stand alone, without requiring that a separate cause of action be pled based on the same underlying wrongful conduct, harmonizes the doctrine with its equitable underpinnings.

Finally, Defendant's position strains credulity.  If Defendant is correct that unjust enrichment cannot stand alone without a predicate contract claim, a plaintiff could simply allege a contract, even if one does not exist, and when that claim inevitably fails, the unjust enrichment claim could then be applied.   Such a result would be absurd and lead to inefficient results.

This Court would not be overstepping its bounds to sustain the City's claim, even if the Court perceives a split among the courts.  There is compelling, supportive precedent for Plaintiff's position, which is based on a careful and correct reading of the underlying Georgia case law.

Should the Court find that unjust enrichment requires another claim, Plaintiff would request leave to amend.

## V.    THE CITY HAS STATED A CLAIM FOR UNJUST ENRICHMENT

"[T]he essential elements of [unjust enrichment] are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." *Clark,* 914 F. Supp. 2d at 1309.

Plaintiff has alleged facts sufficient to support these elements.  The City alleges that it overpaid for Acthar due to Defendant's wrongful conduct, including unfair elimination of viable competition to Acthar and kickback payments to funds which hiked the price for the drug; that Mallinckrodt benefitted from such overpayment (¶¶ 3, 22, 39-46); and that allowing Defendant to retain the inflated revenue it collected from Plaintiff for Acthar would be inequitable and unjust. ¶ 63.

### A.    Benefit of the Bargain is an Issue of Fact

Whether or not Plaintiff received the benefit of the bargain, whether the benefit approximated the value paid, whether the consideration paid by the City was reasonable in light of Defendant's conduct, and the extent to which Mallinckrodt was unjustly enriched, received fair compensation, or should disgorge the benefit obtained as a result of its wrongful conduct are all issues of fact that are not properly resolved as a matter of law at the pleading stage.  *See, e.g., In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 546 (D.N.J. 2004) (denying

a Rule 12(b)(6) motion to dismiss unjust enrichment claims because "[p]laintiffs' receipt of valuable medicine for their payments does not, as Defendants contend, bar an unjust enrichment claim," and "[d]eterminations that depend on evaluating whether a benefit received approximates the value paid are primarily questions of fact, and as such, are not appropriately addressed on a motion to dismiss"). *See also In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897, 910 (W.D. Mo. 2009) (defendants' argument that "there can be no unjust enrichment because Plaintiffs received what they bargained for" involved "factual matters that the Court cannot resolve while ruling on a motion to dismiss"); *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1015 (E.D. Mich. 2014) (denying defendant's benefit of the bargain argument on motion to dismiss, noting that the issue of whether the transaction was unjust "g[a]ve rise to factual questions as to whether the consideration was reasonable, valuable or adequate").

The cases cited by Defendant are distinguishable.  In *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1350 (SD Fl. 2007), the court did not address the instant situation of alleged *overpayment* for benefit conferred; indeed, in that case, the court had previously rejected a "price inflation" theory of damages as a matter of New Jersey law for claims against a drug manufacturer for misrepresenting the efficacy of a drug.  *See also Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333 (S.D. Fla. 2014) (distinguishing *Prohias* and allowing an unjust enrichment

15

claim to proceed where, as here, plaintiffs alleged that they paid a premium due to defendant's conduct and would not have paid as much for the product absent defendant's wrongful conduct).

In the other cases cited by Defendant, the unjust enrichment claim was denied for reasons other than that plaintiff had purportedly received the benefit of the bargain. For example, in *SEPTA v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 702 (ED Pa. 2015) the unjust enrichment claim was dismissed because plaintiffs' claims were preempted by federal law, not because plaintiffs did not receive the benefit of the bargain. Further, the court analyzed the unjust enrichment claim under the laws of Arizona, California, and Pennsylvania, not Georgia. In that case, plaintiffs also failed to allege that the price gouging was the result of any illegal conduct by defendant and "merely allege[d] that they wish they did not have to – or will not in the future have to –" pay higher prices. *Id*. at 704. *See also Elias v. Pilo*, 781 Fed. Appx. 336 (5th Cir. 2019) (unjust enrichment claim dismissed because plaintiff did not allege that he was deprived of any benefit); *Middleton v. IBM*, 787 Fed. Appx 619 (11th Cir. 2019) (no unjust enrichment because plaintiff had already been fully compensated).[4]

---

[4] Defendant attempts to frame Plaintiff's claim as merely a case of buyer's regret, citing to *In re Cohen*, 182 B.R. 46, 48 (Bankr. C.D. Cal. 1994) and *Truthinadvertisingenforcers.com v. Dish Network, LLC*, 2016 WL 7230955 (M.D. Fla. Dec. 14, 2016), two cases in which plaintiffs alleged that they paid the "high

**B.     Plaintiff Conferred a Benefit on Defendant**

Defendant is incorrect that only a direct benefit can give rise to an unjust

enrichment claim.  Even an indirect benefit is sufficient under Georgia law for

unjust enrichment.  *See, e.g., Amin v. Mercedes-Benz USA*, *LLC*, 349 F. Supp. 3d

1338, 1363 (N.D. Ga 2018) ("While Daimler attempts to attack Plaintiffs'

allegations based upon the fact that no *direct* benefit has been conferred, the Court

finds this argument without merit since the conferral of direct benefit as opposed to

indirect benefit is not required to adequately plead a cause of action sounding

in unjust enrichment" (emphasis in original) (citing *Bolinger v. First Multiple*

*Listing Serv., Inc.*, 838 F. Supp. 2d 1340, 1366 (N.D. Ga. 2012) ("[T]o maintain an

action for unjust enrichment, it is not necessary that the plaintiff allege a direct

payment by the plaintiff to the allegedly unjustly-enriched defendant.")).[5]  *Smith,*

*supra,* cited by Defendant, in which plaintiff oil company alleged that defendant

---

end of fair market value."  Plaintiff alleges here that it paid thousands of times
what the price would have been absent Defendant's illegal, anti-competitive
actions for a drug necessary to reduce infantile spasms.

[5] *See also Chartis Ins. Co. v. Freeman*, 2013 U.S. Dist. LEXIS 200065, at *23
(S.D. Ga. 2013) ("The Court rejects Canal's contention that in order to state a
claim for unjust enrichment, the benefits conferred must be direct benefits");
*Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1290 (S.D. Ga.
2010) (direct benefit not required, noting that "each Plaintiff's purchase of an
Electrolux product confers a marginal benefit on Electrolux both in the economic
and colloquial sense of the term.  That benefit may be small, but it is a benefit
nonetheless.")

gas station reneged on an oral agreement to purchase gasoline, is distinguishable. In that case, the claim was dismissed because the court determined that there was no benefit, direct or indirect, conferred at all.

Moreover, even under Defendant's view that a "direct" benefit is required, the benefit in this case is sufficiently direct. "[I]n the unjust enrichment context, the term direct refers to a benefit that is not incidental, and not to a requirement that there be privity between the parties." *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 850 (E.D. Pa. 2019) (sustaining unjust enrichment claim where plaintiffs alleged that defendants' wrongful conduct allowed defendants to obtain the benefit of increased revenue from their sale of their drugs). The court noted that "the mere fact that there has been no direct contact between a defendant and the plaintiff does not preclude a finding that the defendant received a direct benefit from that plaintiff. At this stage of the litigation, the connection between the [Plaintiffs] and [] the Defendants is not so attenuated as to render implausible [their] claims for unjust enrichment. This conclusion arguably comports with the equitable purpose of an unjust enrichment claim." *Id*. at 851.[6]

---

[6] *See also Williams v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 105513, at *26 (S.D. Fla. 2011) ("the mere fact that there has been no direct contact between a defendant and the plaintiff does not preclude a finding that the defendant received a direct benefit from that plaintiff . . . Defendant erroneously equates direct *contact* with direct *benefit* . . . In other words, just because the benefit conferred by Plaintiffs on Defendants did not pass directly from Plaintiffs to

Similarly, "the critical inquiry" in determining an unjust enrichment claim is "not whether the benefit is conferred directly on the defendant, but whether the plaintiff "can show that his detriment and the defendant's benefit are related and flow from the challenged conduct" (*see e.g., In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 671 (E.D. Mich. 2000), which is exactly what Plaintiff has alleged here.

Mallinckrodt sells its products through retailers but directly profits from the individual demand of consumers.  As the Complaint alleges, "Defendant profited from the individual demands of consumers, including Plaintiff and its employees who required the drug paid for by Plaintiff.  Defendant's benefit and Plaintiff's detriment flowed from Defendant's alleged misconduct."  (¶ 62).  This connection is sufficiently direct at the pleading stage.  Defendant cites to no Georgia authority that interprets the "direct benefit" element to require a plaintiff to purchase "directly" from a manufacturer as opposed to "through" a retailer.  Unlike cases in which no benefit was conferred, either directly or indirectly, here Plaintiff has alleged that a benefit was conferred and that Defendant profited from that benefit.

---

Defendants — but instead passed through a third party — does not preclude an unjust-enrichment claim. Indeed, to hold otherwise would be to undermine the equitable purpose of unjust enrichment claims. It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant." (internal citation omitted)).

Defendant does not deny that it received the payments, albeit through third parties.

At a minimum, whether Plaintiff bestowed a direct benefit on Defendant is a question of fact which cannot be resolved at the pleading stage.  Should the Court find that additional allegations are required, Plaintiff would request leave to amend.

### C.    Defendant's Antitrust Argument is a Red Herring

Defendant attempts to further muddy the waters by claiming that there is a direct purchaser requirement for unjust enrichment in an antitrust case.  But this is not an antitrust case at all, so there is no "end around." Unlike in the cases cited by Defendant, Plaintiff's unjust enrichment claim here is not pled as an overlapping, alternative or catch-all state law claim for any antitrust violation. As Defendant has emphasized, Plaintiff has pled a single claim for unjust enrichment only, not an antitrust violation. Indeed, Defendant even admits that the antitrust allegations are "irrelevant to Plaintiff's unjust enrichment claim" (Motion at 5), and the class expressly excludes anyone covered by antitrust claims (¶ 52) (excluding "all persons or entities who purchased pursuant to an agreement whereby Express Scripts Holding Company or any of  its wholly-owned subsidiaries is, or was, the exclusive distributor of Acthar.")

To the extent that the Court even considers this issue, Defendant concedes that the one court to have ruled on this issue under Georgia law has concluded that

*Illinois Brick* does not preclude unjust enrichment. *In re Generic Pharms. Pricing Antitrust Litig., supra,* 368 F. Supp. 3d at 850 ("[w]hile decisions go both ways, the better reasoned decisions permit unjust enrichment claims in non-*Illinois Brick* repealer states"). The reasoning of that case applies particularly here, in a straightforward unjust enrichment claim which does not allege or involve typical antitrust issues: "the concerns that motivate *Illinois Brick* — the complexity associated with correctly apportioning recovery among direct purchasers, middlemen, and ultimate consumers, are not implicated in the context of unjust enrichment claims because 'the very nature of such claims requires a focus on the gains of the defendants, not the losses of the plaintiffs.'" *Id*. (internal citations omitted).

Further, the court noted that "No reason or logic supports a conclusion that a state's adherence to the rule of *Illinois Brick* dispossesses a person not only of a statutory legal remedy for an antitrust violation, but also dispossesses the same person of his right to pursue a common law equitable remedy." *Id*., quoting from *In re G-Fees Antitrust Litig*., 584 F. Supp. 2d 26, 46 (D.D.C. 2008). *See also California v. ARC America Corp.*, 490 U.S. 93, 102-103 (1989) ("As we made clear in *Illinois Brick*, the issue before the Court in both that case and in *Hanover Shoe* was strictly a question of statutory interpretation -- what was the proper construction of § 4 of the Clayton Act. . . . But nothing in *Illinois Brick* suggests

that it would be contrary to congressional purposes for States to allow indirect purchasers to recover under their own antitrust laws."). Therefore, *Illinois Brick* does not require dismissal of the unjust enrichment claims.

## VI.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied. Alternatively, Plaintiff requests leave to amend to cure any deficiencies identified by the Court.

Dated: May 29, 2020                     By: /s/ Jordan L. Lurie

Jordan L. Lurie
Ari Y. Basser
POMERANTZ LLP
1100 Glendon Avenue
15th Floor
Los Angeles, CA 90024
Phone (310) 432-8492
jllurie@pomlaw.com
abasser@pomlaw.com
*(Admitted pro hac vice)*

Douglas R. Haynie
Georgia Bar No. 340800
Daniel W. White
Georgia Bar No. 153033
Haynie, Litchfield & White, P.C.
222 Washington Avenue
Marietta, GA 30060
Phone (770) 422-8900
Fax (770) 424-8900
dhaynie@hlw-law.com
dwhite@hlw-law.com

(Attorneys for Plaintiff)

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, I hereby certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1C.

This 29th day of May 2020.

By: /s/ Jordan L. Lurie

Jordan L. Lurie
Ari Y. Basser
POMERANTZ LLP
1100 Glendon Avenue
15th Floor
Los Angeles, CA 90024
Phone (310) 432-8492
jllurie@pomlaw.com
abasser@pomlaw.com
*(Admitted pro hac vice)*
