# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

|  |  |  |
|---|---|---|
| CITY OF MARIETTA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-00552-SDG |
| | ) | |
| MALLINCKRODT ARD LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MALLINCKRODT ARD LLC'S REPLY
## IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ................................................................................ 1

ARGUMENT ...................................................................................... 2

I.   PLAINTIFF LACKS ARTICLE III STANDING ............................ 2

    A.   Plaintiff Has Not Suffered An Economic (Or Any Other) Injury. ....... 2

    B.   Plaintiff Lacks Standing To Represent A Nationwide Class. ............. 5

II.  GEORGIA LAW DOES NOT RECOGNIZE UNJUST ENRICHMENT AS AN INDEPENDENT TORT CLAIM. .......................... 8

III. PLAINTIFF HAS NOT STATED A CLAIM FOR UNJUST ENRICHMENT. ........................................................................ 10

    A.   Plaintiff Received The Benefit Of Its Bargain And Thus Cannot State A Claim For Unjust Enrichment As A Matter Of Law. ....................................................... 10

    B.   Plaintiff Must Have Conferred A "Direct Benefit" To State A Claim For Unjust Enrichment Under Georgia Law. ........ 13

    C.   *Illinois Brick* Further Bars Plaintiff's Claim. ..................................... 14

# TABLE OF AUTHORITIES

## CASES

*Am. Mgmt. Servs. E., LLC v. Fort Benning Family Communities, LLC*,
   333 Ga. App. 664, 692–93 (2015) ........................................................ 8

*Archer v. Holmes*,
   No. 1:17-CV-2051-TWT, 2018 WL 534475 (N.D. Ga. Jan. 23, 2018) ............. 14

*Arcure v. Kellogg Co.*,
   No. 2:10-cv-192-FtM-36SPC, 2011 WL 13294631 (M.D. Fla. Mar. 29, 2011) ... 3

*Ascentium Capital LLC v. Adams Tank & Lift Inc.*,
   No. 1:15-CV-123 (LJA), 2017 WL 4102741 (M.D. Ga. Sept. 15, 2017) ............. 8

*Baker v. Alderman*,
   158 F.3d 516 (11th Cir. 1998) ............................................................ 10

*Brenner v. Future Graphics, LLC*,
   258 F.R.D. 561 (N.D. Ga. 2007) ........................................................ 14

*Byung Ho Cheoun v. Infinite Energy, Inc.*,
   363 F. App'x 691 (11th Cir. 2010) ........................................................ 9

*Cash v. LG Elecs., Inc.*,
   342 Ga. App. 7352 (2017) .................................................................. 8

*Clark v. Aaron's, Inc.*,
   914 F. Supp. 2d 1301 (N.D. Ga. 2012) .................................................. 6

*Cottone v. Cottone*,
   No. 1:15-CV-3584-MHC, 2018 WL 6163157 (N.D. Ga. July 27, 2018) ........... 10

*Delta Air Lines, Inc. v. Wunder*,
   No. 1:13-CV-3388-MHC, 2015 WL 11347586 (N.D. Ga. Dec. 28, 2015) ......... 10

*Doss v. General Mills, Inc.*,
   No. 19-12714, 2020 WL 2554384 (11th Cir. May 20, 2020) .............................. 4

*Eike v. Allergan, Inc.*,
    850 F.3d 315 (7th Cir. 2017) ............................................................................. 4, 5

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) ............................................................................................. 2

*In re Auto. Parts Antitrust Litig.*,
    29 F. Supp. 3d 982 (E.D. Mich. 2014) ............................................................... 12

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*,
    687 F. Supp. 2d 897 (W.D. Mo. 2009) ............................................................... 12

*In re Generic Pharm. Pricing Antitrust Litig.*,
    368 F. Supp. 3d 814 (E.D. Pa. 2019) ................................................................. 15

*In re Intel Corp. Microprocessor Antitrust Litig.*,
    496 F. Supp. 2d 404 (D. Del. 2007) ................................................................... 12

*In re K-Dur Antitrust Litig.*,
    338 F. Supp. 2d 517 (D.N.J. 2004) .................................................................... 11

*In re Loestrin 24 FE Antitrust Litig.*,
    410 F. Supp. 3d 352 (D.R.I. 2019) ..................................................................... 15

*In re Novartis & Par Antitrust Litig.*,
    No. 18 CIV11835, 2019 WL 3841711 (S.D.N.Y. Aug. 15, 2019) ...................... 15

*In re Takata Airbag Prod. Liab. Litig.*,
    No. 14-24009-CV, 2016 WL 1266609 (S.D. Fla. Mar. 11, 2016) ........................ 6

*In re Terazosin Hydrochloride Antitrust Litig.*,
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) .............................................................. 15

*In re: EpiPen Mktg., Sales Practices & Antitrust Litig.*,
    336 F. Supp. 3d 1256 (D. Kan. 2018) .................................................................. 4

*Kason Indus., Inc. v. Allpoints Foodservice Parts & Supplies, LLC*,
    No. 3:17-cv-26-TCB, 2018 WL 1980370 (N.D. Ga. Mar. 6, 2018) ...................... 8

*Klay v. Humana, Inc.*,
   382 F.3d 1241 (11th Cir. 2004) ............................................................................. 7

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................... 2

*Marty v. Anheuser-Busch Cos., LLC*,
   43 F. Supp. 3d 1333 (S.D. Fla. 2014) ................................................................. 13

*MC Asset Recovery, LLC v. S. Co.*,
   No. CIV.A. 1:06-CV-0417B, 2006 WL 5112612 (N.D. Ga. Dec. 11, 2006) ........ 9

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999) ............................................................................................... 7

*Prohias v. Pfizer, Inc.*,
   490 F. Supp. 2d 1228 (S.D. Fla. 2007) ............................................................... 13

*Provost v. Aptos, Inc.*,
   No. 1:17-CV-02120-ELR, 2018 WL 1465766 (N.D. Ga. Mar. 12, 2018) ........... 3

*SEPTA v. Gilead Scis., Inc.*,
   102 F. Supp. 3d 688 (E.D. Pa. 2015) .................................................................. 12

*Smith Serv. Oil Co. v. Parker*,
   250 Ga. App. 270 (2001) ..................................................................................... 11

*Somerson v. McMahon*,
   956 F. Supp. 2d 1345 (N.D. Ga. 2012) ............................................................... 10

*Terrill v. Electrolux Home Prod., Inc.*,
   753 F. Supp. 2d 1272 (S.D. Ga. 2010) ................................................................. 8

*Tidikis v. Network for Med. Commc'n & Research, LLC*,
   274 Ga. App. 807 (2005) ....................................................................................... 9

*Tiller v. State Farm Mut. Auto. Ins. Co.*,
   549 F. App'x 849 (11th Cir. 2013) ...................................................................... 14

iv

*Tolson Firm, LLC v. Sistrunk*,
    338 Ga. App. 25 (2016) ......................................................................... 8

*Veal v. Citrus World, Inc.*,
    No. 2:12-CV-801-IPJ, 2013 WL 120761 (N.D. Ala. Jan. 8, 2013) ...................... 3

*Wachovia Ins. Servs., Inc. v. Fallon*,
    299 Ga. App. 440 (2009) ....................................................................... 8

*Washington Cty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*,
    431 F. Supp. 3d 698 (D. Md. 2020) ......................................................... 9

*Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Props., Inc.*,
    No. 2:16-cv-206-FtM-38MRM, 2017 WL 10604140 (M.D. Fla. Apr. 11, 2017) . 6

*Wilson v. Everbank, N.A.*,
    77 F. Supp. 3d 1202 (S.D. Fla. 2015) ...................................................... 6

## INTRODUCTION

The City of Marietta's ("Plaintiff") Opposition to Mallinckrodt ARD LLC's Motion to Dismiss merely highlights the shortcomings of Plaintiff's Complaint, which fails as a matter of law for at least four reasons.

*First*, Plaintiff has not suffered any injury in fact and thus lacks standing. Plaintiff tries to avoid this conclusion with a straw-man argument that economic loss is an "injury in fact" sufficient to confer standing. That point is not in dispute. Plaintiff failed to grapple with what Mallinckrodt actually argued and what the case law holds: paying more than one would like to for a product is not an "economic loss" and thus is not a cognizable harm. Plaintiff also fails to rebut the argument that it does not have standing to represent a nationwide class, arguing instead that the Court should punt this issue for months. But there is no basis for such delay: The law is clear that Plaintiff, a Georgia city, cannot represent non-Georgia putative class members litigating non-Georgia state law claims.

*Second*, unjust enrichment is not a standalone claim under Georgia law, as scores of cases have held. Plaintiff fails to address this authority and instead relies on only two cases, one of which was decided before the controlling Georgia Court of Appeals cases and the other of which is simply an outlier, wrongly decided as shown by a sea of contrary case law.

1

*Third*, even if Plaintiff could somehow overcome these threshold obstacles, Plaintiff simply has not stated a claim for unjust enrichment under Georgia law. For one thing, bare allegations that a plaintiff "overpaid" for a product—when, as here, Plaintiff knew the price and continued to purchase the product at that price—fall well short of stating an unjust enrichment claim. Plaintiff does not meaningfully contest this, nor can it as Plaintiff undisputably received the "benefit of the bargain." Rather, Plaintiff contends that the Court should defer this decision. But whether bare allegations of "overpayment" state a claim for unjust enrichment is a question of law that can and should be decided on the pleadings.

*Fourth*, Plaintiff concedes that it purchases Acthar indirectly, which precludes its claim under both Georgia law and *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). In response, Plaintiff argues that the benefit it conferred on Mallinckrodt is "sufficiently direct"—a standard completely untethered from the case law. The Court should dismiss Plaintiff's Complaint with prejudice.

## **ARGUMENT**

## I.   **PLAINTIFF LACKS ARTICLE III STANDING.**

### A.   **Plaintiff Has Not Suffered An Economic (Or Any Other) Injury.**

To demonstrate standing, Plaintiff must show that it has suffered a concrete "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff

cannot satisfy this threshold requirement because the injury it claims to have suffered is not legally cognizable.  Plaintiff spends several pages of its brief arguing that an "economic injury" is an injury in fact that is sufficient to confer standing.  Dkt. 41, Pl.'s Opp. to Def.'s Mot. to Dismiss at 3 ("Opp.").  But this point is not in dispute, and Plaintiff's brief ignores what Mallinckrodt actually argued based on the applicable legal standard, which is that Plaintiff **simply has not suffered any injury**—economic or otherwise—and thus lacks standing.

Courts in this District and throughout the Eleventh Circuit consistently hold that when a plaintiff receives the benefit of its bargain, there is no injury in fact, even when the plaintiff alleges "overpayment."  *E.g.*, *Provost v. Aptos, Inc.*, No. 1:17-CV-02120-ELR, 2018 WL 1465766, at *4 (N.D. Ga. Mar. 12, 2018) ("Plaintiff's allegations of overpayment and lost benefit of the bargain are insufficient to establish injury-in-fact for purposes of Article III standing.").[1]  That is precisely the situation here: Plaintiff knew the price of Acthar, it paid that price for Acthar, and its employees received Acthar.  Plaintiff does not allege that the product was defective or that Plaintiff was somehow misled about the price or any other aspect of the

---

[1] *See also Veal v. Citrus World, Inc.*, No. 2:12-CV-801-IPJ, 2013 WL 120761, at *4 n.7 (N.D. Ala. Jan. 8, 2013) (finding lack of standing where plaintiff received the benefit of the bargain); *Arcure v. Kellogg Co.*, No. 2:10-cv-192-FtM-36SPC, 2011 WL 13294631, at *3 (M.D. Fla. Mar. 29, 2011) (same).

product.  Instead, Plaintiff alleges that, in its opinion, Acthar should cost less and that Mallinckrodt has been unjustly enriched as a result.  Opp. at 3; *see also* Compl. ¶ 62.  That is not an actionable grievance.

Indeed, the Eleventh Circuit recently reiterated this conclusion in *Doss v. General Mills, Inc.*, No. 19-12714, 2020 WL 2554384 (11th Cir. May 20, 2020).  In *Doss*, the district court dismissed the case for lack of standing, finding that because the plaintiff had received the product she sought to purchase (Cheerios) at the stated price, she had suffered no cognizable injury.  *Doss v. Gen. Mills, Inc.*, No. 18-61924-CIV, 2019 WL 7946028, at *2 (S.D. Fla. June 14, 2019).  The Eleventh Circuit affirmed, holding that because the plaintiff bought and received Cheerios that were not "unsafe" or "worthless," her injury was "conjectural or hypothetical," and she lacked standing.  *Doss*, 2020 WL 2554384, at *2.  *Doss* controls here.

Plaintiff makes no attempt to address or distinguish any of these cases.[2]  In fact, the only case cited by Mallinckrodt that Plaintiff even tries to distinguish is *Eike v. Allergan, Inc.*, 850 F.3d 315 (7th Cir. 2017), and Plaintiff widely misses the

---

[2] Plaintiff tries to cast doubt on Eleventh Circuit case law by relying on an out-of-circuit decision in *In re: EpiPen Mktg., Sales Practices & Antitrust Litig.*, 336 F. Supp. 3d 1256 (D. Kan. 2018).  But plaintiffs in that case asserted RICO and antitrust claims that included allegations that the defendant had entered unlawful patent litigation settlements and forced consumers to purchase more products than they wanted.  *See id.* at 1287.  Plaintiff has made no such allegations here.

mark.  Plaintiff argues that *Eike* involved a plaintiff who was "simply disappointed because it did not get the best price," while here, Plaintiff has alleged "unlawful and unjust actions by Defendant."  Opp. at 4.  That is wrong.  The plaintiff in *Eike* alleged that the defendants violated consumer protection laws by making their eye drops larger than necessary to increase profits.  850 F.3d at 316-17.  *Eike* is thus squarely on point.  And the court's conclusion is instructive: A complaint that a product is sold at "an unnecessarily high price" does not confer standing.  *Id.* at 317–18 ("[T]hat a seller does not sell the product that you want . . . at the price you'd like to pay, is not an actionable injury[.]").[3]  Because Plaintiff's allegations mirror those rejected in *Eike* and the other cases cited in Mallinckrodt's Motion to Dismiss, the Complaint should be dismissed with prejudice for lack of standing.

## B.     Plaintiff Lacks Standing To Represent A Nationwide Class.

Plaintiff also lacks standing to represent a putative nationwide class because the City cannot represent plaintiffs outside of Georgia with respect to state-law claims that do not arise under Georgia law.  *See In re Takata Airbag Prod. Liab.*

---

[3] In fact, Plaintiff's "inflated price[]," Opp. at 3, theory of economic injury has been rejected by courts in the Eleventh Circuit.  In *Prohias*, plaintiffs alleged that they overpaid for Lipitor due to "unlawful conduct"—*i.e.*, misrepresentations about the drug's efficacy and misleading marketing.  *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1337 (S.D. Fla. 2007).  But the court dismissed plaintiffs' unjust enrichment claim for lack of standing and held that plaintiffs' alleged harm was "too speculative" because it relied on a "hypothetical price" for Lipitor.  *Id.*

*Litig.*, No. 14-24009-CV, 2016 WL 1266609, at *4 (S.D. Fla. Mar. 11, 2016);

*Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1316 (N.D. Ga. 2012); *see also* Mot.

at 11, n.3.  Plaintiff tries to salvage its non-Georgia claims by arguing that the Court

should defer ruling on this question until class certification.  *See* Opp. at 5–6.  But

where, as here, it is clear as a matter of law that a plaintiff lacks standing to pursue

state-law claims on behalf of class members in states where no named plaintiff is

injured, the appropriate remedy is dismissal.  *See, e.g.*, *Clark*, 914 F. Supp. 2d at

1316 (dismissing claims where named plaintiff lacked standing to represent class in

states where she was not injured); *Wave Length Hair Salons of Fla., Inc. v. CBL &

Assocs. Props., Inc.*, No. 2:16-cv-206-FtM-38MRM, 2017 WL 10604140, at *5 n.6

(M.D. Fla. Apr. 11, 2017) (deferring determination of named plaintiffs' standing to

represent nationwide class is inconsistent with efficiency goals of Fed. R. Civ. P. 1);

Mot. at 11, n.3.[4]

The cases Plaintiff cites do not compel a different result.  For example,

Plaintiff cites *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202, 1229 (S.D. Fla. 2015)

to argue that the Court should defer ruling on standing until class certification.  *See*

Opp. at 6.  But other courts within that district distinguish *Wilson* as an outlier.  *See*

---

[4] Indeed, in *In re EpiPen*, a case Plaintiff cites, the court "dismisse[d] the antitrust
state law claims for which the Class Complaint includes no named plaintiff from that
state" at the Rule 12(b)(6) stage.  *In re EpiPen*, 336 F. Supp. 3d at 1311.

*In re Takata*, 2016 WL 1266609, at *5.  For example, the *In re Takata* court picked apart the *Wilson* opinion, holding that a named plaintiff's standing to pursue state-law claims on behalf of a nationwide class "would remain unchanged, irrespective of class certification," and ruled on standing at the pleadings stage.  *Id.* at *6. Plaintiff also misunderstands the holding in *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831–32 (1999), which dealt with the standing of unnamed class members in the context of Rule 23, not the standing of named plaintiffs.  The same goes for *Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004), which stands for the unremarkable proposition that a nationwide class may be certified where state-law claims are "based on a principle of law that is uniform among the states."  *Id.* at 1261–62.  That is not the relevant question here, which is whether a Georgia named plaintiff can represent non-Georgia class members litigating non-Georgia state-law claims (it cannot).  In fact, the *Klay* court noted expressly that the defendants "d[id] not challenge the standing of the named plaintiffs."  *Id.* at 1251.[5]

---

[5] In any event, courts in this District have held that unjust enrichment laws vary too greatly among states to permit certification of a nationwide unjust enrichment class. *See In re Conagra Peanut Butter Prod. Liab. Litig.*, 251 F.R.D. 689, 697 (N.D. Ga. 2008); *see also* Opp. at 16.

## II.   GEORGIA LAW DOES NOT RECOGNIZE UNJUST ENRICHMENT AS AN INDEPENDENT TORT CLAIM.

The overwhelming majority of Georgia state and federal courts have held that unjust enrichment is not viable as an independent claim under Georgia law.  Instead, unjust enrichment may be pled only as an alternative to a failed breach of contract claim.  *See, e.g.*, *Kason Indus., Inc. v. Allpoints Foodservice Parts & Supplies, LLC*, No. 3:17-cv-26-TCB, 2018 WL 1980370, at \*4 (N.D. Ga. Mar. 6, 2018); *see also* Mot. at 12–14.

In an effort to sidestep this authority, Plaintiff asserts that Mallinckrodt's argument "turns on a fundamental misreading of Georgia case law."  Opp. at 7.  Not so.  If Mallinckrodt has misread the case law, then the Georgia courts have misread it too.  Georgia state and federal courts have consistently followed the guidance of *Wachovia Insurance Services, Inc. v. Fallon*, 299 Ga. App. 440 (2009), holding that unjust enrichment may be pled ***only*** as an alternative theory of recovery to a contract claim.  *E.g.*, *Kason*, 2018 WL 1980370, at \*3 ("Because Kason has not asserted any contract claims, it cannot assert an independent claim for unjust enrichment . . . .").[6]

---

[6] *See Cash v. LG Elecs., Inc.*, 342 Ga. App. 735, 742 (2017); *Tolson Firm, LLC v. Sistrunk*, 338 Ga. App. 25, 31 (2016); *Am. Mgmt. Servs. E., LLC v. Fort Benning Family Communities, LLC*, 333 Ga. App. 664, 692–93 (2015); *see also Ascentium Capital LLC v. Adams Tank & Lift Inc.*, No. 1:15-CV-123 (LJA), 2017 WL 4102741, at \*10 (M.D. Ga. Sept. 15, 2017); *Terrill v. Electrolux Home Prod., Inc.*, 753 F. Supp. 2d 1272, 1290 (S.D. Ga. 2010); Mot. at 12–14.

And the Eleventh Circuit agrees.  *See Byung Ho Cheoun v. Infinite Energy, Inc*., 363 F. App'x 691, 696 (11th Cir. 2010).[7]  Plaintiff's belief that *Tidikis v. Network for Med. Commc'n & Research, LLC.*, 274 Ga. App. 807 (2005), should be read differently does not change Georgia law.

Amid this sea of authority, the best Plaintiff can muster is two cases, one that pre-dates the relevant and controlling authority and another that is simply a wrongly-decided outlier.  The first case, *MC Asset Recovery, LLC v. S. Co.*, No. CIV.A. 1:06-CV-0417B, 2006 WL 5112612 (N.D. Ga. Dec. 11, 2006), was decided ***before*** the relevant Georgia Court of Appeals decisions—*Wachovia*, *Cash*, *Tolson*, and *Am. Mgmt. Servs.*—dictated Georgia law on this issue, holding unequivocally that unjust enrichment *is not* an independent claim under Georgia law.  *See supra* note 6.  So, while the *MC Asset* court in 2006 may have concluded that Georgia law did not at that time "appear[]" to prohibit an independent claim for unjust enrichment, 2006 WL 5112612, at *8–9, Georgia law unambiguously bars Plaintiff's standalone claim now.  *See, e.g.*, *Cash*, 342 Ga. App. at 742.  Plaintiff's second case, the unpublished decision in *Delta Air Lines, Inc. v. Wunder*, ignored controlling precedent.  No. 1:13-

---

[7] Plaintiff also fails to address *Washington Cty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, a nearly identical case that dismissed plaintiff's unjust enrichment claim (based on the price of Acthar) for failure to allege a predicate cause of action.  431 F. Supp. 3d 698, 717 (D. Md. 2020).

CV-3388-MHC, 2015 WL 11347586, at *16 (N.D. Ga. Dec. 28, 2015). *Wunder*'s unjust enrichment holding has not been followed by any other court.

Plaintiff's final attempt to salvage its claim is to warn that if "unjust enrichment cannot stand alone without a predicate contract claim, a plaintiff could simply allege a contract, even if one does not exist, and when that claim inevitably fails, the unjust enrichment claim could then be applied." Opp. at 13. This is nonsense. If a plaintiff were to file a complaint alleging the existence of a contract it knew did not exist, that could be the basis for Rule 11 sanctions. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *Cottone v. Cottone*, No. 1:15-CV-3584-MHC, 2018 WL 6163157, at *15 (N.D. Ga. July 27, 2018). But even under Plaintiff's hypothetical, the unjust enrichment claim would still be barred because the claim must be predicated by a ***failed*** contract, not just ***allegations*** of a contract. *See, e.g.*, *Somerson v. McMahon*, 956 F. Supp. 2d 1345, 1357 (N.D. Ga. 2012).

## III. PLAINTIFF HAS NOT STATED A CLAIM FOR UNJUST ENRICHMENT.

### A. Plaintiff Received The Benefit Of Its Bargain And Thus Cannot State A Claim For Unjust Enrichment As A Matter Of Law.

Even if Plaintiff could pursue a standalone unjust enrichment claim under Georgia law—it cannot—Plaintiff's claim still would fail because Plaintiff received the "benefit of the bargain." *Smith Serv. Oil Co. v. Parker*, 250 Ga. App. 270, 271

(2001).  Plaintiff's only response is that the Court should defer ruling on this issue until some later stage in the case.  Opp. at 14.  But there is no basis to put off a decision because the question for the Court is a purely legal one: whether a plausible claim for unjust enrichment exists based solely on the allegation that a plaintiff paid more for a product than it would have liked.  And where, as here, it is clear from the pleadings that Plaintiff received the precise product it paid for at the price it bargained for, that question must be answered in the negative.  Dismissal with prejudice is warranted.

The cases Plaintiff cites to urge the Court to put off deciding this issue are distinguishable.  In *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517 (D.N.J. 2004), the court rejected defendants' argument that "'*any* consideration' given for a benefit conferred necessarily defeats unjust enrichment claims."  *Id.* at 545 (emphasis added).  But that is not Mallinckrodt's argument.  Rather, it is Mallinckrodt's position (consistent with Georgia law) that when Plaintiff receives the *exact* benefit it bargained for at the price it expected to pay, unjust enrichment claims are precluded.  Indeed, at least one court has rejected application of *K–Dur* on that ground and dismissed plaintiffs' unjust enrichment claims.  *See In re Intel Corp.*

11

*Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 421 (D. Del. 2007).[8]  Likewise, *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig*. is also a poor fit. 687 F. Supp. 2d 897, 910 (W.D. Mo. 2009).  In that case, there was a factual dispute about whether the defendants disclosed that the product at issue contained BPA, such that it was unclear at the pleading stage whether plaintiffs actually received the benefit they bargained for.  *Id.*  Here, Plaintiff has not alleged that the Acthar it paid for was defective in any way.

Plaintiff's attempt to distinguish Mallinckrodt's cases also fails.  For example, Plaintiff argues that the unjust enrichment claim in *SEPTA v. Gilead Scis., Inc.* "was dismissed because plaintiffs' claims were preempted by federal law, not because plaintiffs did not receive the benefit of the bargain."  Opp. at 16 (citing 102 F. Supp. 3d 688 (E.D. Pa. 2015)).  Not so.  While the *SEPTA* court held that "the thrust of Gilead's preemption argument is devastating," the court "***also discuss[ed] the merits of plaintiffs' claims***" and ultimately found that plaintiffs' subjective belief that Gilead's prices were too high failed to state an unjust enrichment claim.  102 F. Supp. 3d at 703 (emphasis added).  The same result should follow here.

---

[8] The court in *In re Auto. Parts Antitrust Litig.,* 29 F. Supp. 3d 982, 1015 (E.D. Mich. 2014), relied exclusively on *K–Dur* to find an issue of fact.  As a result, Plaintiff's reliance on *In re Auto. Parts* is also misplaced.  Opp. at 15.

Plaintiff's effort to distinguish *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007), is likewise unavailing.  First, Plaintiff argues that *Prohias* does not address "the instant situation of alleged *overpayment*."  Opp. at 15 (emphasis in original).  That is simply wrong; the *Prohias* plaintiffs did allege overpayment, and the court still rejected their unjust enrichment claims.  490 F. Supp. 2d at 1236 . ("Alternatively, they argue that they overpaid for Lipitor . . . I have already rejected a price inflation theory of damages in this lawsuit, and again reject it . . . .").  Second, Plaintiff argues that *Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333 (S.D. Fla. 2014), undermines *Prohias* and applies here.  But *Marty* dealt with premium prices paid as a result of "misrepresentations" about a product's country of origin.  *Id.* at 1348.  Plaintiff has not alleged that Mallinckrodt made any "misrepresentations" about Acthar.

Put simply, Plaintiff knew the price of Acthar, it paid that price, and its employees received precisely the Acthar paid for.  As a result, Plaintiff received the benefit of its bargain, and its unjust enrichment claim fails as a matter of law.

## B.    Plaintiff Must Have Conferred A "Direct Benefit" To State A Claim For Unjust Enrichment Under Georgia Law.

The overwhelming majority of Georgia courts hold that a plaintiff must confer a "direct benefit" to plead unjust enrichment—a fact the Eleventh Circuit has acknowledged.  *See Archer v. Holmes*, No. 1:17-CV-2051-TWT, 2018 WL 534475,

at *5 (N.D. Ga. Jan. 23, 2018); *see also Tiller v. State Farm Mut. Auto. Ins. Co.*, 549 F. App'x 849, 856 (11th Cir. 2013); Mot. at 17–18. Here, Plaintiff is an indirect purchaser of Acthar, Compl. ¶ 52, which is is fatal to its claim.

Plaintiff tries to avoid this result by creating a non-existent legal standard, arguing that the benefit it conferred on Mallinckrodt is "***sufficiently*** direct," Opp. at 18 (emphasis added), and that Mallinckrodt pointed to "no Georgia authority" that interprets a "direct benefit" to require a plaintiff to purchase directly from the manufacturer. *Id.* at 19. Fortunately, there is a case directly on point rejecting Plaintiff's argument. In *Brenner v. Future Graphics, LLC*, investors purchased the right to distribute ink cartridges from a third party and then sued the ink cartridge manufacturer for unjust enrichment because the manufacturer shipped defective products. 258 F.R.D. 561, 566 (N.D. Ga. 2007). The court held that the plaintiffs' unjust enrichment claim failed because the plaintiffs did not confer a benefit on the manufacturer directly, but instead paid only the third party. *Id.* at 576. This case is no different: Plaintiff (a third-party payor) did not pay Mallinckrodt (the manufacturer) directly for Acthar. *See* Compl. ¶ 52; Opp. at 19.

## C. *Illinois Brick* Further Bars Plaintiff's Claim.

Plaintiff's indirect purchaser claim is further precluded by *Illinois Brick*'s prohibition on indirect purchaser actions. *See* Mot. at 18. Plaintiff tries to paint this

argument as an antitrust "red herring."  Opp. at 20.  It is not.  *See* Mot. at 18–20.
Ironically, Plaintiff's rebuttal on this point *is* a red herring: Mallinckrodt did not
argue that Plaintiff's unjust enrichment claim is an antitrust claim.   Rather,
Mallinckrodt argued that *Illinois Brick* bars unjust enrichment claims by indirect
purchasers "absent a showing that the common law of the state . . . expressly allows
for such recovery."  *In re Novartis & Par Antitrust Litig.*, No. 18 CIV11835, 2019
WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019); Mot. at 19.

In response, Plaintiff relies on a single case, *In re Generic Pharm. Pricing
Antitrust Litig.*, 368 F. Supp. 3d 814 (E.D. Pa. 2019).  But *In re Generic* conflicts
with the holdings of nearly every court that has decided the issue.[9]  And despite
Plaintiff's contention, *In re Generic* is not "the one court to have ruled on this issue
under Georgia law."  Opp. at 20.  As Mallinckrodt demonstrated in its opening brief,
at least six courts have held that *Illinois Brick* precludes Georgia unjust enrichment
claims by indirect purchasers.  *See, e.g.*, *In re Novartis*, 2019 WL 3841711, at *6
(dismissing Georgia unjust enrichment claims brought by indirect purchasers); *see
also* Mot. at 19–20.  This Court should follow suit.

---

[9] *See In re Novartis*, 2019 WL 3841711, at *6 (expressly rejecting *In re Generic*,
noting that it is contrary to the "vast majority" of case law); *see also In re Loestrin
24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 381 (D.R.I. 2019); *In re Terazosin
Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1372 (S.D. Fla. 2001).

Dated: June 22, 2020          /s/ *Michael A. Caplan*
                                     Michael A. Caplan
                                     Georgia Bar No. 601039
                                     Sarah Brewerton-Palmer
                                     Georgia Bar No. 589898
                                     CAPLAN COBB LLP
                                     75 Fourteenth Street NE, Suite 2750
                                     Atlanta, Georgia 30309

                                     E. Desmond Hogan (admitted *pro hac vice*)
                                     Elizabeth A. Jose (admitted *pro hac vice*)
                                     Kathryn Marshall Ali (admitted *pro hac vice*)
                                     HOGAN LOVELLS US LLP
                                     555 13th Street, N.W.
                                     Washington, D.C. 20004

                                     *Counsel for Defendant*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, I hereby certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1C.

This 22nd day of June, 2020.

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039

**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com

*Counsel for Defendant*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2020, I caused a true and correct copy of the foregoing to be delivered via the Court's electronic filing system to the following:

Douglas R. Haynie
Daniel W. White
HAYNIE, LITCHFIELD & WHITE, P.C.
222 Washington Avenue
Marietta, GA 30060
Phone (770) 422-8900
Fax (770) 424-8900
dhaynie@hlw-law.com
dwhite@hlw-law.com

Jordan L. Lurie
Ari Y. Basser
POMERANTZ LLP
1100 Glendon Avenue
Los Angeles, CA 90024
Phone (310) 432-8492
jllurie@pomlaw.com
abasser@pomlaw.com

/s/ *Michael A. Caplan*
Michael A. Caplan

18